Wes Ayers v. The State.

No. 13199.   Delivered April 30, 1930.
Reported in 27 S. W. (2d) 540.

The opinion states the case.

*Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

Witnesses for the state testified that they went to appellant's residence and bought a pint and a half of whiskey from appellant. Appellant's witnesses testified that they were present when the state's witnesses came to the house, and that appellant sold them no whiskey.   One of these witnesses testified that he had sold appellant two mattresses which he delivered on the occasion the state's witnesses came to appellant's house.   He said that one of these witnesses told appellant that he wanted to borrow his dog, and that appellant told him it would be all right.   He testified further that the state's witness offered appellant a drink of whiskey, but appellant declined to take it.   He declared that appellant sold the witnesses no whiskey.

Appellant brings forward a bill of exception in which he complains of the manner in which his witness Henson was cross-examined by the district attorney.   It appears that Henson testified, on direct-examination, that he had sold appellant two mattresses which he delivered on the occasion the state's witnesses came to

appellant's home. The witness gave testimony, which, if believed, would have exculpated appellant. He testified that appellant did not sell or deliver any whiskey to the state's witnesses. In his cross-examination of the witness, the district attorney attempted to show that the witness was not, in fact, selling mattresses, and that he went to appellant's home for the purpose of getting some whiskey. In an attempt to force the witness to testify that such was his purpose in going to appellant's home, the district attorney said: "Listen you know me and I know you and your honor knows you, and you know you were there for whiskey and there was not any mattress in it and you know it." Appellant objected to the statement of the district attorney and the court sustained the objection. Later, the district attorney stated to the witness: "Joe you know you were over there at Wes Ayers after whiskey and you haven't got the nerve to tell this jury about it, don't you?" The witness answered: "I told you what I was over there for." Appellant objected on the ground that the district attorney was abusing the witness. The court overruled the objection. As we understand the bill of exception, it certifies that the statements of the district attorney were made for the purpose of prejudicing the jury against appellant's witness and not for the purpose of eliciting from the witness the facts he knew about the case. The opinion is expressed that the statement of the district attorney was calculated to lead the jury to the conclusion that the court believed that the witness' testimony was false, and that his mission was to buy whiskey from appellant. A reversal is not predicated upon the question presented by this bill, in view of the fact that the objection to the statement of the district attorney was sustained. However, when the question is considered in connection with the bill of exception next discussed, we are of the opinion that reversible error is presented.

In his closing argument the district attorney used language as follows:

"This man Joe Henson, I know him and his folks, they are good people but they just will buy whiskey and drink it."

There was no evidence in support of the statement of the district attorney. The court sustained appellant's objection and instructed the jury to disregard the remarks. In the bill of exception presenting the matter reference is made to the recitals contained in the bill of exception first discussed. It is likely that the jury had already been impressed with the view that the court was of the opinion that the witness had gone to appellant's home and gotten whiskey. The

unsworn statement of the district attorney carried the imputation that the witness bought whiskey from appellant on the occasion in question. As stated, it was not in evidence that the witness was accustomed to buying and drinking whiskey. Hence it was not proper for the district attorney to so advise the jury. The argument was in effect the unsworn testimony of the district attorney that the witness habitually bought and drank whiskey. Appellant being charged with selling whiskey and the witnesses for the state having testified that they bought whiskey from him, the jury might have concluded, if they believed that the witness was a drinking man, that he had also obtained whiskey from appellant. The argument had the double effect of impeaching the witness and charging appellant with an offense for which he was not upon trial. The opinion is expressed that the argument was obviously prejudicial to the rights of appellant. Thomas v. State, 6 S. W. (2d) 118.

Bill of exception No. 2 presents the following occurrence: Farris Due had gone with the state's witnesses to appellant's home on the occasion the whiskey was alleged to have been purchased. The state had issued a subpoena for the witness and had later issued an attachment for him. Upon the trial the state was permitted to prove by a deputy sheriff that he had sought to execute the attachment, but had been unable, after making a search, to locate the witness. Appellant objected to the testimony of the deputy sheriff on the ground that it was irrelevant, immaterial and tended to create the impression that appellant was responsible for the absence of the witness. There were no facts showing or tending to show that appellant had been instrumental in causing the disappearance of the witness or preventing his attendance upon the trial. We quote from Askew v. State, 127 S. W. 1037, as follows:

"Appellant was not chargeable with the absence of state's witnesses, nor would he be chargeable with the absence of any witness at the trial, unless there was something to show that he had been instrumental in keeping them away, and there was no attempt made or evidence offered to show that he was in any way connected with or instrumental in keeping the witnesses from attending court and giving their testimony. The mere absence of witnesses from a trial should not be used against an accused person unless he was instrumental in some way in keeping them away."

See also Schultz v. State, 262 S. W. 493; Parker v. State, 216 S. W. 178; Funk v. State, 208 S. W. 509; Hardin v. State, 117 S. W. 974; Matthews v. State, 109 Tex. Cr. R. 560.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.