## H. H. DAVIS v. THE STATE.

No. 13422.   Delivered May 14, 1930.
Reported in 28 S. W. (2d) 168.

The opinion states the case.

*Ben P. Allred* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for twenty years.

Prosecutrix, Mildred Brock, accompanied by her sister, Ellen Brock, and two young men, drove in an automobile at night from Chillicothe to Shamrock. Upon driving into Shamrock, appellant and Johnson, who were officers, followed the parties. After entering town, appellant and Johnson stopped them, and, according to the testimony of the state, assaulted and beat up the two young men. All of the parties were carried before a justice of the peace. The young men were charged with reckless driving and vagrancy. The girls were charged with vagrancy. All entered pleas of guilty. Appellant and Johnson carried the young men to the calaboose, where they were locked up. According to the testimony of prosecutrix and her sister, appellant and Johnson advised the girls that they were going to carry them to Wheeler and prefer charges against them. They took the girls in an automobile and drove out into the country. Prosecutrix and her sister testified that appellant and Johnson had some whiskey with them; that they forced them to drink some of the whiskey; that both appellant and Johnson were armed; that appellant forced prosecutrix to have sexual intercourse with him. Prosecutrix declared that she was afraid of appellant, as he looked at his pistol when he told her that she had to have sexual intercourse with him. She said that she tried to push him off, cried and begged him to desist. According to the version of prosecutrix and her sister, Johnson had sexual intercourse with her sister. Several acts of intercourse occurred between the parties during the trip. Although prosecutrix and her sister returned to their homes after leaving appellant and Johnson, they made no complaint of the treatment they had received until several days after the assault. It appears that one of the young men who had accompanied them to Shamrock asked them on the occasion of the making of the first complaint if they had been mistreated by appellant and Johnson. They declared that they had, and later reported the matter to the county attorney. The state's testimony supported the theory that the arrest of prosecutrix and her companions was unwarranted, in that they had been guilty of no misconduct.

Appellant testified that he was at home on the occasion of the alleged commission of the offense. Several witnesses gave testimony corroborating his statement. The court submitted an instruction covering the law of alibi.

The indictment charged rape by force and threats. We gravely doubt the sufficiency of the evidence, but in view of the fact that

the case must be reversed because of the argument of private counsel for the state, we pretermit a discussion of the question.

Bill of exception No. 10 presents the following occurrence: Special prosecutor, in closing the argument, used language as follows:

"She told the same story before where twelve good men believed her before and convicted a man—and twelve good men should believe her now and convict him."

It is certified in the bill of exception that the argument was in reference to the companion case, the State of Texas against Tom Johnson, which had been tried a month before and in which a verdict of guilty had been returned. It is further certified that the argument was not based upon any testimony which had been admitted in evidence during the trial; that said argument was not a deduction which could have been reasonably made from any testimony; that it was not in reply to any statement or argument made by appellant's counsel. Appellant objected to the argument on the ground that it was outside of the record and not based upon any evidence in the case, and was not in reply to any argument made by his counsel. Other objections were urged which we deem it unnecessary to set forth. The court sustained the objection and orally and in writing instructed the jury to disregard the argument. The bill of exception is qualified with the statement that the trial and conviction of Johnson had been referred to by counsel on the voir dire examination of the jurors and throughout the trial without previous objection. There was no evidence in the record that prosecutrix had given the same testimony in the case against Johnson. The effect of the argument was to support prosecutrix by the unsworn statement of the county attorney. The issue of guilt was closely contested. The fact that a jury in a companion case had heard the same testimony fall from the lips of prosecutrix and had believed her was calculated to lead the jury to decide the issue of veracity as between prosecutrix and appellant in favor of the state. The argument was obviously injurious and prejudicial. Under the facts reflected by the record, we are of the opinion that its withdrawal could not cure the error. Pendelton v. State, 26 S. W. (2d) 240, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.