## T. C. JOHNSON V. THE STATE.

### No. 14530.   Delivered December 9, 1931.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, and *Walsh & Fruechte,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

We find in the record two bills of exception.   The first complains of a question asked by the district attorney in which was embodied a statement claimed by the appellant to be so hurtful to him, and to put before the jury facts so prejudicial as to make it impossible for same to be removed by an instruction to the jury not to consider it.   It appears from the bill of exception in question that a course of conduct was permitted on the part of both appellant and the state's attorney which should not have been indulged.   In the examination of a state witness appellant's attorney was permitted to ask him relative to the deceased, if he did not have the reputation of selling intoxicating liquor, and the witness answered in the affirmative.   The witness was thereupon taken by the state on re-direct examination, and after referring to the fact that the witness had testified that deceased had the reputation of selling whisky, he was asked who was the chief deputy of Wheeler county when deceased had that reputation, and was permitted to answer that the defendant was.   Witness was then further asked, apparently without objection, if he ever heard of appellant arresting deceased for selling a pint of liquor, to which the witness replied that he never had.   Thereupon on re-cross-examination by appellant the witness was asked who was county attorney at the

time appellant was chief deputy, to which witness replied that the present district attorney was then county attorney. The witness was then taken back for further examination by the district attorney who asked him the question which is the subject of this complaint, viz: "Who was the county attorney that removed Tom Johnson from office after he had been convicted and sentenced to the penitentiary for ten years for rape?" This was promptly objected to, it being certified in the bill of exception that the Tom Johnson referred to in the question was this appellant, and that the fact that he had been convicted and sentenced to the penitentiary for ten years for rape had been in nowise referred to or introduced in evidence otherwise than as contained in said above quoted statement. We are constrained to believe that this question of the prosecuting attorney necessarily put before the jury a fact hurtful to appellant not otherwise shown to be known to the jurors, and that it would be impossible for an instruction of the court such as was promptly given, that they should not consider the question, to withdraw from the consideration of the jury the statement thus made, or to neutralize its hurtful effect. Appellant was not given the lowest penalty, and contended that he was not guilty.

Appellant's only other contention before this court on this appeal is that he was entitled to a continuance to secure the testimony of an absent witness, but in view of the fact that in our opinion the error above discussed necessitates the reversal of the case, the matter of continuance will probably not arise upon another trial, and hence will not be discussed.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*