ED TAYLOR V. THE STATE.

No. 15459. Delivered January 18, 1933.
Reported in 56 S. W. (2d) 648.

The opinion states the case.

*Sam W. Davis,* of Houston, for appellant.

*O'Brien Stevens,* District Attorney, of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for seven years.

The testimony is substantially the same as that set forth in Taylor v. The State of Texas, Opinion No. 15460, this day delivered. In the present case appellant was charged with assaulting B. H. Woodring with intent to murder him. In Taylor v. State, supra, appellant was convicted of the murder of A. L. Woodring. It was appellant's theory, given support in the testimony, that the time he fatally stabbed A. L. Woodring, and severely cut B. H. Woodring, he was being unlawfully and violently assaulted by said parties. Reference is made to the opinion in Taylor v. State, supra, for a more detailed statement of the testimony.

Bill of exception No. 2 presents the following occurrence: The testimony was substantially the same as that heard by the jury when appellant was tried for the murder of A. L. Woodring. In the present case and in the case last mentioned the testimony of appellant raised the issue of self-defense against a joint attack by A. L. Woodring and B. H. Woodring. In the present case the jury were aware of the fact that appellant had been formerly tried for the murder of A. L. Woodring. However, they did not know that a conviction had resulted. The assistant district attorney prosecuting the present case also prosecuted appellant on the charge of murder, and the jury were aware of such fact. The knife with which appellant killed A. L. Woodring and wounded B. H. Woodring was introduced in evidence. The assistant district attorney asked a witness for appellant, on cross-examination, if the knife he was exhibiting to her was not the knife appellant used to kill A. L. Woodring. The witness answered in the affirmative. On redirect examination, without objection on the part of the state, appellant's counsel asked the witness if it was not a fact that appellant had already been tried for the murder of A. L. Woodring. The witness answered in the affirmative. The assistant district attorney then propounded to the witness the following question: "You know that this defendant has been tried and convicted for the murder of A. L. Woodring, dont you?" Appellant's objection was sustained. Whereupon, the assistant district attorney withdrew the question with reference to the fact that appellant

had been convicted. Appellant's counsel then stated to the court that he desired to reserve a bill of exception to the action of state's counsel in asking the question and.stated to the court that the question in effect got before the jury the opinion of another jury that appellant was guilty. In reply the court stated to appellant's counsel that, inasmuch as he was not satisfield with the court's ruling, he would permit the question to be answered, and instructed the witness to answer the question. The assistant district attorney also insisted that the question be answered. The witness answered that she did not know whether appellant had been convicted in the murder case.

The opinion is expressed that the bill of exception manifests reversible error. The fact that a jury in the former trial of appellant for murder had heard the same testimony and decided the issue of veracity as between appellant's witnesses and those for the state in favor of the state was calculated to influence the jury in the present case to decide such issue against appellant. Davis v. State, 116 Texas Crim. Rep., 558, 28 S. W. (2d) 168, and authorities cited. The question necessarily put before the jury a fact hurtful to appellant. If in sustaining the objection to the question in the first instance, the court saved appellant from injury (and this is not conceded), the action of the court thereafter in requiring the witness to answer the question was calculated to impress the jury with the view that the court was of the opinion that the question was proper. In Johnson v. State, 119 Texas Crim. Rep., 433, 44 S. W. (2d) 712, the district attorney asked a witness for the state if the attorney representing the appellant was not county attorney at the time the appellant was convicted and sentenced to the penitentiary for ten years for rape. It does not appear that the question was answered. The court promptly sustained the objection and instructed the jury not to consider the question. In reaching the conclusion that reversible error was presented, Judge Lattimore, speaking for the court, used language as follows: "We are constrained to believe that this question of the prosecuting attorney necessarily put before the jury a fact hurtful to appellant not otherwise shown to be known to the jurors, and that it would be impossible for an instruction of the court, such as was promptly given, that they should not consider the question, to withdraw from the consideration of the jury the statement thus made, or to neutralize its hurtful effect. Appellant was not given the lowest penalty, and contended that he was not guilty."

Under the circumstances, the fact that appellant's counsel

asked the witness if appellant had not already been tried for the murder of A. L. Woodring did not warrant the state in putting before the jury the fact that appellant had been convicted. See Leon Howard v. The State of Texas, Opinion No. 15069. Opinion on Motion for Rehearing, delivered January 4, 1933.

Bill of exception No. 3, as qualified by the trial judge, presents no error.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.