### S. W. JONES v. THE STATE.

No. 16125. Delivered November 15, 1933.
Reported in 64 S. W. (2d) 961.

The opinion states the case.

*R. T. Wilkinson, Jr.,* of Mt. Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A peace officer testified, in substance, that he saw appellant and one Rhyner engaged in conversation near an old building; that Rhyner took his hand out of his pocket and handed appellant something which he (the witness) took to be money; that appellant and Rhyner then walked down the street toward the railroad, he following them; that in a few minutes he saw appellant and Rhyner come out of an alley; that he stopped them and, upon making a search, discovered a pint of whisky on the person of appellant.

Testifying for appellant, Rhyner denied that he gave appellant any money. He said he was discussing the question of trading appellant a gun when the officer saw them together. He declared that he went with appellant to the alley for the purpose of answering a call of nature. He testified that he did not see any whisky while there, and that he saw no whisky in appellant's possession. Appellant testified that he had been ill with influenza for several days, and that a physician had prescribed whisky for him. He denied that he had sold Rhyner any whisky, and declared that at the time the officer saw them together Rhyner was trying to trade him a gun. As to the pint of whisky found in his possession, he said that upon the suggestion of his doctor he was using it for medicinal purposes. Without objection, appellant introduced in evidence a letter from his physician in which it was stated that he should use whisky as a remedy for his influenza. Several witnesses testified that appellant had been ill with influenza.

Bill of exception No. 7 presents the following occurrence: One Dodson was tried on the morning of February 21 for transporting intoxicating liquor. Appellant was in the courtroom during Dodson's trial. Dodson defended on the ground that he transported the liquor for medicinal purposes. Counsel representing appellant also represented Dodson. Two members of the jury who sat upon appellant's trial had served in the case of Dodson. In Dodson's Case the trial was concluded before noon, the jury returning a verdict of not guilty. Appellant's case was tried in the afternoon of February 21st. Several of the witnesses supporting appellant's defense that he was using the liquor for medicinal purposes were not summoned until after Dodson's Case had been tried. There was no evidence before the jury in appellant's case that he had issued process for the witnesses during the morning of Dodson's trial. At this juncture, we quote from the bill of exception as follows: "After the

evidence had been concluded in the above entitled and numbered cause and the charge of the court had been read to the jury, the county attorney of Franklin county, Texas, in his opening argument, made the following statement to the jury, which statement was unwarranted by the evidence, prejudicial and calculated to prejudice the jury against the defendant and was as follows, to-wit: 'Gentlemen of the Jury, the papers in this case show that the defendant did not summon his witnesses until just a few hours before his case went to trial  The reason that he did not summon his witnesses was that he conceived the defense that he is making in this case after hearing the same defense in another case that was tried in this court this morning.' "

Appellant's timely and proper objection to the foregoing argument was overruled, and the court refused to give appellant's requested instruction withdrawing the remarks from the jury.  In the state of the record, the opinion is expressed that the bill of exception presents reversible error.  The argument was, in effect, the unsworn testimony of the county attorney that appellant, after hearing the defense interposed in another case, had made application for witnesses in order that he might interpose the same defense.  After injecting such unsworn testimony into the case, the county attorney drew therefrom an inference unfavorable to appellant; that is, that appellant's defense was fabricated because it had not been conceived, as shown by his belated application for process, until he had heard the same defense interposed in another case.  The court, in overruling the objection to the argument, was in the attitude of placing his stamp of approval upon the conduct of the county attorney.  In viewing appellant's defensive testimony, it cannot be said that the jury did not adopt the inference drawn by the county attorney from the unwarranted statement of facts embraced in his remarks.  Similar situations have been before this court in numerous appeals.  In all of the cases, where it has appeared that remarks of the character in question have been obviously prejudicial, a reversal has been ordered.  See Thomas v. State, 6 S. W. (2d) 118; Pendleton v. State, 26 S. W. (2d) 240; Davis v. State, 28 S. W. (2d) 168; Reed v. State, 36 S. W. (2d) 526; Ayers v. State, 27 S. W. (2d) 540.  Moreover, it is observed that the trial court certified in the bill of exception that the argument was unwarranted by the evidence, and was calculated to prejudice the jury against appellant.  The portion of the bill referred to does not appear as a ground of objection to the argument, nor as reasons for excepting to the ruling of the court, but appears as the statement of a fact.  The bill is

similar to those dealt with in Roberts v. State, 27 S. W. (2d) 159; McKee v. State, 34 S. W. (2d) 592; and Traylor v. State, 47 S. W. (2d) 310.

Bill of exception No. 8 recites that the county attorney, in his closing argument, used the following language:

"Gentlemen of the jury, just before the defendant's trial he heard another case tried in this court in which the same defense was made that he is making. It seems that every bootlegger we have had up at this term of court claims he had the liquor for medicinal purposes."

In this bill it is certified that the remarks were "unwarranted by the evidence, prejudicial and calculated to prejudice the jury against the defendant." Again, it is certified that there was no evidence before the jury supporting the argument. The court overruled the objection, and declined to submit appellant's requested instruction withdrawing the remarks from the jury. The reasons we have given in support of our conclusion that the bill of exception No. 7 presented reversible error impels us to hold that the bill in question also manifests reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.