David EANES, Appellant,

v.

The STATE of Texas, Appellee.

No. 52559.

Court of Criminal Appeals of Texas.

Feb. 2, 1977.

Stanley Kacir, Temple, for appellant.

Joe Carroll, Dist. Atty. and Paul R. Reagan, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal of a conviction of assault wherein the jury assessed punishment at a probated one year jail term and an unprobated $1,000.00 fine.

The record shows without dispute that at about 12:30 a.m. on June 23, 1974, appellant and the injured party, Willie Kopriva, accompanied by two of his brothers, were in attendance at a public dance hall in Bell County. Appellant testified that at about said time he was walking down the side of said dance hall when Willie Kopriva, the alleged assaultee, suddenly was pushing him out into the middle of the dance floor and hollering at him to quit coming by his table, that Willie's two brothers, Walter and Jerry, jumped up and started toward him, that Jerry was getting a metal folding chair and folded same, that he told Willie two or three times he didn't want any trouble and then the last time Willie pushed him he hit him with the beer bottle, that he struck Willie only after he saw his brother getting into the act and as a last resort, and that he felt there was apparent danger to himself at the time. The evidence further showed that said Willie Kopriva was taken to the emergency room of Scott and White Hospital in Temple, Texas, where he was found to have sustained a four centimeter transverse laceration of the left cheek and a small laceration of the base of the nose as the result of being struck in the face with said beer bottle.

Thus, the evidence clearly raised the issue of self defense which was thoroughly charged by the court and the issue of whether the assault resulted in serious bodily injury so as to constitute the alleged offense of aggravated assault.

The failure of the indictment to allege the manner and means used to commit the assault was raised at the trial level solely through a motion for an instructed verdict. Such failure does not constitute a failure to allege an element of the offense, but relates only to the certainty and definiteness constitutionally and statutorily required to enable the defendant to reasonably understand the nature and cause of the accusation against him. Appellant's failure to raise said question by timely motion to quash constituted a waiver thereof.

*Thornton v. State,* Tex.Cr.App., 529 S.W.2d 539; *Cox v. State,* Tex.Cr.App., 523 S.W.2d 695; *Terry v. State,* Tex.Cr.App., 517 S.W.2d 554.

■ Appellant's contention that the court erred in failing to respond to his objection to the court's failure to charge under V.T.C.A., Penal Code, Sec. 22.01(a)(3), the causing of physical contact when one knows or should reasonably believe that the other will regard the contact as offensive and provocative, is without merit for the reason that the appellant specifically testified that he deliberately hit the injured party with the beer bottle, thus eliminating any issue as to V.T.C.A., Penal Code, Sec. 22.01(a)(2).

■ Appellant's contention that the witnesses Chub and Kopriva were disqualified from testifying as to the reputation of appellant upon the grounds that their said testimony was based on specific acts instead of report is contradicted by the record. Chub testified that he, as school principal, based his testimony on having heard discussions by other students and teachers pertaining to appellant and threats made to other students by him. Gene Kopriva testified that people had discussed appellant and his activities with him and that he knew his general reputation as a peaceable and law abiding citizen in the community.

■ The court erroneously, in defining "assault" for the jury in its charge, defined same as "intentionally, knowingly *or recklessly* causing bodily injury to another". Appellant's objection to the inclusion of the term "recklessly" upon the grounds that reckless conduct was not alleged in the indictment specifically called this error to the attention of the trial court. In applying the law to the facts, the court instructed the jury to find whether appellant "did then and there knowingly and intentionally cause serious bodily injury to another" as alleged in the indictment. Cf. *Dowden v. State,* Tex.Cr.App., 537 S.W.2d 5. Reversible error is not here presented. *Grudzien v. State,* Tex.Cr.App., 493 S.W.2d 827; *Martinez v. State,* 157 Tex.Cr.R. 603, 252 S.W.2d 186.

Walter Kopriva, a State witness, testified on direct examination that after said incident he went to the hospital to check on his brother, after which he returned at approximately 4:00 a.m. to said dance hall to get the injured party's pickup. The attorney for the State then elicited the following testimony from said witness:

"Q Was there anything unusual about the pick-up?

A Yes, sir. The left side of the windshield was busted and had blood still on the windshield and pieces of embedded beer bottle on the left side of the windshield, and all the people at the shop saw it and Joe Thurdy (phonetic) from Cameron saw it when he came to visit the next day."

On cross examination Kopriva testified as follows:

"Q You mentioned when you got back to the hall that Willie's pick-up had a broken windshield?

A Yes, sir.

Q And was there any way for you to know what time of the day or night that that windshield had been broken?

A No, sir.

    *      *      *      *      *      *

Q Now, you are not saying that David Eanes broke your windshield?

A I am not saying that David Eanes broke it. I am saying that it got broke. I would have liked to have that blood analyzed.

    *      *      *      *      *      *

Q What has that got to do with this fight?

A I want to know who broke that windshield since his name was Kopriva's Cabinet all over the side of that truck. It was very easy to identify Willie's truck. It was standing out there like a sore thumb."

■ Appellant's attorney objected to the testimony elicited on direct examination upon the ground that same was hearsay and *extraneous* matter, which objection was

overruled by the court. The jury in deciding the close issue of self defense, which was extensively charged by the trial court, would undoubtedly consider whether appellant's physical actions were the result of fear and apprehension or the result of a vicious, malicious and hate-consumed mind to be of vital importance in said decision. On said issue, the prejudicial impact of said testimony is certain and would be difficult to overstate. If there was evidence tending to prove that appellant committed said vicious, destructive act toward the injured party's property shortly after their altercation, such would be highly relevant testimony to show his actions prior thereto to have been impelled by a malevolent state of mind instead of fear as contended by the appellant on his theory of self defense, *Albrecht v. State*, Tex.Cr.App., 486 S.W.2d 97; but, as the State correctly admits, there is no evidence proving or tending to prove that the appellant had any connection with said act of criminal mischief. This Court in *Landers v. State*, 519 S.W.2d 115, 120, stated the applicable law as follows:

" 'It must be remembered, however, that even though evidence of another crime may be relevant to the instant proceeding, *such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator.*' 23 Tex. Jur.2d, Evidence, Sec. 195, p. 302 (Emphasis supplied)

1 Branch's Ann.P.C., 2d ed., Sec. 188, p. 204, makes much the same point. 'It is error *to admit* evidence of another offense when defendant is not shown to be the party guilty of the offense.' (Numerous cases cited) (Emphasis supplied)

\*　　\*　　\*　　\*　　\*　　\*

And in *Tomlinson v. State*, 422 S.W.2d 474 (Tex.Cr.App.1967), this court, speaking through Judge Morrison, said that 'no extraneous offense should be offered unless the State is prepared to prove that the accused committed the same.' "

As to the prejudice generated by such testimony, we consider *Ayers v. State*, 115 Tex.Cr.R. 638, 27 S.W.2d 540, in point. In said case the State brought out before the jury the fact that it had subpoenaed and issued an attachment for a witness to the alleged sale of whiskey by the defendant and that the sheriff had been unable to locate said witness. This Court held that there being no attempt made or evidence offered to show that defendant was in any way connected with or instrumental in the absence of said witness, the implication that would nevertheless be made by the jury against the defendant was prejudicial error. The injection before the jury of said highly prejudicial matter in this case is far more destructive of the appellant's rights and less justifiable than said improper injection in *Ayers*, since it could at least be reasonably contended in *Ayers* that proof of said fact was for the legitimate purpose of explaining the State's failure to produce said witness when the burden of proof is upon it, but in this case there can be no reasonable contention made that any legitimate purpose was accomplished or intended by said proof.

■ The State contends that appellant waived said error by cross examining the witness in detail in an effort to prove to the jury that there was no evidence that the appellant committed said act of criminal mischief. This Court has repeatedly held that the action of an accused's counsel in seeking by cross examination to lessen the prejudicial effect of improperly admitted evidence does not constitute a waiver of his objection thereto. *Trollinger v. State*, 153 Tex.Cr.R. 364, 219 S.W.2d 1018; *Beachem v. State*, 144 Tex.Cr.R. 272, 162 S.W.2d 706; *Willoughby v. State*, 87 Tex.Cr.R. 40, 219 S.W. 468. See also *Patterson v. State*, 458 S.W.2d 658, at footnote two.

We also conclude that by reason of the form of the question, "Was there anything unusual about the pickup?" appellant's earliest reasonable opportunity to object to the placing of said prejudicial facts before the jury was immediately after the witness answered thereto and thrust said prejudicial matter into the jury box. This, appellant's counsel timely did.

We do not consider the fact that appellant's counsel thereafter engaged in a brief argument to the court, apparently intending to express his disbelief that the court intended to permit testimony as to what was later said by other persons at a shop, in any way impaired the validity of his objection that said criminal mischief against the injured party's property was *extraneous matter.*

Since appellant's other points are not likely to arise upon another trial, we omit their discussion.

For the error stated, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, concurs in the results.