Regina JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 55924.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 20, 1978.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Gerald A. Banks and John D. Ovard, Asst. Dist. Attys., Dallas, for the State.

Before ODOM, VOLLERS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for theft; punishment, enhanced by proof of two prior convictions, was fixed at life.

■ In her first ground of error appellant challenges the jury charge at the guilt stage of the trial as fundamentally defective. The indictment alleged theft by exercising control over property other than real property without the owner's effective consent. V.T.C.A., Penal Code Secs. 31.01(5), 31.03(a), (b)(1). The jury charge instructed on theft by appropriating the property. The definition of "appropriate" in Sec. 31.-01(5), supra, includes "to acquire or otherwise exercise control over property other than real property." This definition was the only one given in the instructions to the jury. We hold the jury instruction is not fundamentally defective as an enlargement upon the allegations in the indictment, and that the definition of "appropriate" in the jury charge restricted its use to the means alleged in the indictment. The first ground of error is overruled.

It is next contended that the definition of "appropriate" in Sec. 31.01(5)(B), supra, i. e.; "to acquire or otherwise exercise control over property other than real property," is unconstitutionally vague in that "otherwise exercise control" is impossible to define. We think it is commonly understood what it means to "exercise control" over something, and this is particularly so in the context of the offense, which is described in Sec. 31.03, supra, as alleged in this case, by such exercise of control being with the intent to deprive the owner of the property and without the owner's effective consent. Cf. *Morgan v. State,* 557 S.W.2d 512, 515 (Tex.Cr.App.); *Courtemanche v. State,* 507 S.W.2d 545 (Tex.Cr.App.). The ground of error is overruled.

■ Appellant next argues the indictment is fundamentally defective for failure to allege the manner in which control was exercised over property. No motion to quash was filed alleging insufficient notice. Any defect here goes only to notice and is not fundamental. See, *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.); *Eanes v. State,* 546 S.W.2d 312 (Tex.Cr.App.).

■ In her next three grounds of error appellant asserts fundamental errors in the jury charge at the punishment stage of the trial. No trial objections were made to the charge. The jury was instructed on the issues of the truth of each prior conviction alleged, and on the punishment ranges for a finding of only one prior conviction, and of no true prior conviction allegations. The charge recited the prior conviction allegations and instructed that the truth of those allegations must be established beyond a reasonable doubt before a "true" verdict could be returned, and that if there was a reasonable doubt the verdict must be "untrue." Considering the charge as a whole we find no fundamental error and overrule the grounds of error.

■ Finally, appellant argues that testimony that appellant was wearing a "booster girdle"[1] when seen and arrested for

---

1. A "booster girdle" is "a device by which people enter a store and place merchandise so that it is concealed but looks as though they do not have it."

shoplifting was prejudicial and improperly admitted over objection. Without discussing the sufficiency of the objection to apprise the trial court of the grounds argued on appeal, we note that the expertise of the witness as an investigator of thefts was shown and not challenged, and that the testimony objected to was admitted as expert evidence of the instrumentality of the crime and the manner of its use. The evidence was admissible and the ground of error is overruled.

The judgment is affirmed.