Annette GETER, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–86–0189–CR.

Court of Appeals of Texas,
Tyler.

June 23, 1987.

Bill Rosenstein, Tyler, for appellant.

Jack Skeen, Jr., Dist. Atty., Tyler, for appellee.

BILL BASS, Justice.

This is an appeal from a conviction for theft. We affirm.

On February 21, 1984, an employee of AAMCO Transmissions opened a savings account for AAMCO at Rose Capitol Bank in Tyler. On the same date, Annette Geter, appellant, opened a checking account at the bank. At the end of the day, an employee of the bank mistakenly entered AAMCO's account under the appellant's name and address on the bank's computer. The bank subsequently mailed to the appellant bank statements for AAMCO's account and a form showing the amount of interest on the account reported to the IRS. On January 7, 1985, the appellant closed AAMCO's account and transferred the entire balance to other accounts; $586.90 was transferred to the appellant's checking account, held jointly by the appellant and her husband, and $15,000 was transferred to a certificate of deposit in the names of the appellant and her husband. The transaction was carried out on the bank's computer, and the appellant neither handled nor left the bank with any cash.

The State charged the appellant with theft of $750 or more but less than $20,000, and the appellant pleaded not guilty. The jury found the appellant guilty, and she received a punishment of four years, probated for ten years, and was ordered to make restitution of $15,586.00.

In her first point of error, appellant complains that the trial court erred in failing to quash the indictment. In her motion

to quash, appellant maintained that the property was obtained with the consent of the owner and that since the indictment failed to inform her of the basis of the State's allegation that the consent was not effective, the indictment did not sufficiently apprise her of the offense with which she was charged in order for her to "intelligently formulate her defense." Appellant contends that because Tex. Penal Code Ann. 31.01 (Vernon 1974) provides four methods by which the State may show why actual consent was ineffective, the State should have been forced to replead to show which of the four they would seek to prove.

In *Gorman v. State*, 634 S.W.2d 681 (Tex.Cr.App.1982), the Texas Court of Criminal Appeals considered a theft indictment which alleged only that the defendant did unlawfully "appropriate" property without further definition of which of the several means of appropriation was being charged. The trial court overruled a timely motion to quash that asserted that this failure deprived the defendant of adequate notice. The Court of Criminal Appeals held it was error to deny the motion to quash because the statutory term under examination (appropriate) goes to an "act or omission" of the defendant.

However, as the appellant acknowledges, the Court of Criminal Appeals in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981), has specifically held that, in an indictment, the term "effective consent" need not be further clarified even if challenged by a timely motion to quash. In *Chavez v. State*, 642 S.W.2d 63 (Tex.App.—Amarillo 1982), the court recognized the rule in *Gorman* but followed the *Thomas* decision reasoning that "effective consent" need not be further defined because consent goes to the state of mind of the defendant not an act or omission. Appellant disagrees with the holding in *Chavez* and points out that three of the four statutory means of negating consent necessarily involve proof of an act or omission by the defendant. Since his motion to quash asserted that the appropriation was with consent and called upon the State to specify upon which of the four means of negating consent it intended to rely, a case is squarely presented foreseen

by Judge Clinton in his dissent in *Thomas*, 621 S.W.2d at 166.

Appellant's contention is logically and ably argued, but we are persuaded that it is not the law. *Thomas* still stands for the proposition that "without effective consent" needs no further definition. Point number one is overruled.

■ Under her second point of error the appellant argues that the court erred in denying her motion for an instructed verdict because the evidence was insufficient to prove the allegations of the indictment. The indictment states in part:

> [O]n or about the 7th day of January, 1985, ... ANNETTE GETER did ... unlawfully, intentionally, and knowingly appropriate property, by acquiring and exercising control over said personal property, said property being, to-wit: current money of the United States....

The Penal Code provides that "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03(a) (Vernon Supp.1987). Section 31.01 sets forth two alternative meanings for the word "appropriate":

> (5)(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or
>
> (B) to acquire or otherwise exercise control over property other than real property.

*Id.* § 31.01(5). In the instant case the State alleged a method of appropriation in the indictment, choosing to proceed against the appellant under § 31.01(5)(B), "acquire or otherwise exercise control over property."

It is the appellant's contention in her second point of error that the entire transaction on January 7 was a computer transfer within the same bank, that the bank's position as legal owner of the money was not altered, and that since she never actually possessed currency, or even a check representing currency, she could not be guilty of "acquiring and exercising control" over current money of the United States.

However the transfer from the AAMCO account to appellant's account was accomplished by means of withdrawal and deposit slips made by appellant or at her direction. The State argues that these instruments represented cash and that by directing the money into her own account and out of AAMCO's, she exercised control over it.

It is clear that in order to prove the exercise of control over current money of the United States, the State need not show that the defendant ever actually possessed on her person legal paper money or coin. The unlawful exercise of control over a check is, upon the defendant's negotiation of the check, the exercise of control over the money represented by the check. *See Compton v. State*, 607 S.W.2d 246, 252 (Tex.Cr.App.1979); *Watkins v. State*, 438 S.W.2d 819, 821 (Tex.Cr.App.1969). The explanatory comment following this section of the penal code states " '[e]xercising control,' however, also encompasses conduct that does not involve possession. A shipping clerk who re-routes a package to a friend by substituting a new address label might not have possession, but his conduct constitutes an exercise of control." By ordering the withdrawal of all funds from AAMCO's account and by using that money to purchase a $15,000 certificate of deposit for herself and her husband, the defendant in this case effectively exercised control over "current" money of the United States. The appellant's second point of error is overruled.

▪ In her third point appellant claims that the trial court erred in failing to grant her motion for an instructed verdict because the evidence was insufficient to prove lack of consent, an essential element of the offense charged.

It is clear that the appropriation, if any, was with the actual consent of the owner, the bank. Therefore it became the State's burden to prove that the consent was not effective. Tex.Penal Code Ann. 31.01(4)(A) provides that consent is not effective if induced by deception. Deception is defined in Tex.Penal Code Ann. 31.01(2) as

(A) Creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in a transaction and that the actor does not believe to be true; ....

There are sufficient facts in evidence from which the jury might have inferred that appellant knew that she was not the owner of the account mistakenly placed in her name, and that by ordering the account closed she was confirming a false impression of fact likely to affect the judgment of the bank's employees which appellant did not believe to be true.

In her fourth point of error appellant claims the evidence failed to show a criminal offense. Appellant argues that the evidence demonstrates no more than that the bank unwittingly made a loan to her and that while she may be civilly liable, she violated no criminal statute. However, in our view, by transferring the money from AAMCO's account to her own, thereby purporting to create a debtor-creditor relationship between herself and the bank, appellant appropriated money the bank owed to AAMCO. We find the evidence sufficient to show the commission of the crime of theft. The point is overruled.

The judgment is affirmed.