TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00719-CR







Kenneth Wayne Hudson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL

DISTRICT

NO. 95-125-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 This is an appeal from a conviction for theft of property of the value of $750 or more but
less than $20,000. See Act of May 23, 1991, 72d Leg., R.S., ch. 505, § 1, 1991 Tex. Gen. Laws 2003,
as amended by Act of May 10, 1993, 73d Leg., R.S., ch. 203, §§ 4, 5, 1993 Tex. Gen. Laws 390, 391
(Tex. Penal Code § 31.03(e)(4)(A)). After the jury found appellant Kenneth Wayne Hudson guilty, the
trial court assessed punishment at 15 years' imprisonment, taking into consideration appellant's plea of
"true" to the enhancement paragraph.


POINTS OF ERROR


 Appellant advances three points of error. First and second, appellant challenges both the
legal and factual sufficiency of the evidence that he acquired and exercised control over the property in
question, the 1985 Mercury automobile. Third, he argues that the evidence was legally insufficient to
establish venue in Williamson County.

 The offense of which appellant was convicted was alleged in count one, paragraph one of
the indictment. In pertinent part it alleged that on or about November 30, 1993, appellant "acquired or
otherwise exercised control over property, namely a Mercury automobile of the value of $750 or more,
without the effective consent of the owner, Al Smith, and with the intent to deprive the owner of the
property." (1)


FACTS


 In February 1994, Jimmy Phillips purchased for $2,500 a four door 1985 Grand Marquis
Mercury automobile from Cars America, Inc., for his mother, Beatrice Phillips. When she made
application for a change of title she was informed that the vehicle had been stolen. These events triggered
an investigation by Lieutenant Gary Williams of the Texas Department of Public Safety which uncovered
many of the facts which form the basis of appellant's conviction.

 The record reflects that in 1989, L. J. Jannise of Harper purchased the Mercury car in
question from North Park Lincoln Mercury Company in San Antonio. The Security State Bank and Trust
of Harper held a lien on the car as a result of a loan made to Jannise. The lien was released on November
12, 1992. In February 1993, Jannise traded in the Mercury on the purchase of a Ford pickup truck from
Red McCombs Ford Agency in San Antonio. The transaction was handled by a female salesperson. 
Jannise signed an assignment of title and produced evidence that the lien had been released. Jannise had
no dealings with appellant whom he did not know.

 Other evidence reflected that appellant was employed as a salesman at the Red McCombs
Ford agency in San Antonio from January 6 until May 21, 1993. Appellant was later employed at Prestige
Chrysler-Plymouth Company Northwest located in Williamson County from November 1993 until June
1994. Nancy White, the title clerk for Prestige Northwest, testified that in November 1993 appellant
sought to purchase from the company a 1992 Buick Roadmaster and to trade in the 1985 Mercury in
question as part of the purchase agreement. White discovered that the title to the Mercury was not in
appellant's name. She told appellant that the transaction could not be completed until the title was in his
name and he had paid the necessary tax and license fee. On November 30, 1993, appellant presented to
White a title to the 1985 Mercury showing it to be registered in his name and other necessary papers. The
transaction was completed with appellant receiving $2,000 for the Mercury as a trade-in. The balance due
on the 1992 Buick was financed by appellant through the Chrysler Credit Corporation. Prestige
Northwest, having obtained possession of the Mercury by virtue of the above described transaction, sold
it at a wholesale auction to Austin Auto Exchange, a subsidiary of Cars America, Inc.

 Meanwhile back in San Antonio on December 5, 1993, a year-end inventory at Red
McCombs Ford revealed that the Mercury was missing almost ten months after it had been traded in for
another vehicle. It was reported stolen to the San Antonio Police Department. Thus, when Mrs. Phillips
sought to secure a title to the Mercury she was told that it was a stolen car.

 Willie Sullivan, used car manager at Red McCombs Ford, testified as to the procedures
generally taken after a car had been traded in at that establishment. He explained how the salesman was
to "bill a deal" and then "stock in" a traded-in car so that there would be adequate record keeping. Sullivan
acknowledged that delays sometimes occurred in "billing a deal" and sometimes a manager would allow
a salesman to use a car as a loaner. He recalled "a tie" between the Mercury and appellant. He
telephoned appellant at Prestige Chrysler Northwest several times leaving messages. Sullivan's calls were
not returned.

 Al Smith, an assistant to the general manager and vice president of Red McCombs Ford,
was alleged as the special owner in the indictment. Smith testified that he did not give consent to appellant
to take the 1985 Mercury. He also explained the procedures at his company and acknowledged that
records of checking out keys to particular cars were destroyed after ninety days. Smith was unaware how
the Mercury had been taken from his company.

 Lt. Williams's investigation led to appellant's arrest. In appellant's possession at the time
was a printout dated November 29, 1993, which showed L. J. Jannise as the registered owner of the
Mercury with a lien held by Security Bank and Trust Bank of Harper.

 A check of the chain of title showed that on November 30, 1993, there was an application
for a Texas certificate of title for the Mercury showing an even trade of vehicles between L. J. Jannise and
appellant, a power of attorney executed by Jannise authorizing appellant to transfer the motor vehicle, and
an "assignment of title" to appellant by Jannise. There was also a release of the lien on the Mercury by the
Security Bank and Trust signed by Carolyn Meeks dated November 18, 1993. There was also found a
tax collector's receipt for Texas title application showing the even trade of automobiles and a receipt for
a replacement license issued to appellant for the Mercury dated November 30, 1993.

 Jannise testified that the signatures of L. J. Jannise appearing on the instruments were all
forgeries. Jannise had never met appellant and did not know him. Likewise, Carolyn Meeks testified that
her signature on the release of lien was forged. She related that the lien had been properly released over
a year earlier.


THE STANDARD OF REVIEW


 The standard for reviewing the legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond
a reasonable doubt the essential elements of the offense charged. Jackson v. Virginia, 443 U.S. 307, 319
(1979); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 975
(1993). The standard for review is the same in both direct and circumstantial evidence cases. Herndon
v. State, 787 S.W.2d 408, 409 (Tex. Crim. App. 1990); Chambers v. State, 711 S.W.2d 240, 244-45
(Tex. Crim. App. 1986). The reasonable hypothesis of innocence analytical construct in circumstantial
evidence cases has been abolished. See Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991).

 In reviewing the legal sufficiency of the evidence, an appellate court must consider all the
evidence introduced whether properly admitted or not. Fuller v. State, 827 S.W.2d 919, 931 (Tex. Crim.
App. 1992), cert. denied, 113 S. Ct. 3035 (1993). Moreover, the reviewing court does not realign,
reweigh, or disregard the evidence. Wilson v. State, 863 S.W.2d 59, 65-66 (Tex. Crim. App. 1993);
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 It must be remembered that the jury is the trier of fact, the judge of the credibility of the
witnesses and the weight to be given their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979);
Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); Martinez v. State, 844 S.W.2d 279,
283 (Tex. App.--San Antonio 1992, pet. ref'd). The jury is entitled to accept or reject all or any part of
the testimony or evidence. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). 
Accordingly, an appellate court leaves it to the jury to determine the credibility of the witnesses and to
resolve conflicts in their testimony. Little v. State, 758 S.W.2d 551, 563 (Tex. Crim. App.), cert. denied,
488 U.S. 934 (1988).


FIRST POINT--LEGAL SUFFICIENCY


 In his challenge to the legal sufficiency of the evidence, appellant contends that the State
alleged one mode of "appropriate" but did not prove it. Section 31.01(5)(A),(B) of the Penal Code in
effect at the time of the alleged offense provided:


(5) "Appropriate" means

 (A) to bring about a transfer or purported transfer of title to or other nonpossessory
interest in property, whether to the actor or another; or

 (B) to acquire or otherwise exercise control over property other than real property. (2)



 Appellant argues that the indictment alleged that he acquired or otherwise exercised control
over the 1985 Mercury but failed to show that he was ever in physical possession of the vehicle. (3) He
further notes that the jury charge tracked the indictment and restricted the use of "appropriate" to the means
alleged in the indictment. See Jackson v. State, 571 S.W.2d 1, 2 (Tex. Crim. App. 1978). (4)

 "Exercising control" is, of course, directed primarily at thefts that involve only possession. 
It also, however, encompasses conduct that does not involve possession. Anyone who is in a position to
take some action that deprives the owner of property is in a position to exercise control. See Merida v.
State, 663 S.W.2d 508, 511 (Tex. App.--Amarillo 1983, no pet.) (quoting "Searcy & Patterson, Practice
Commentary, Tex. Penal Code Ann. § 31.03 at 417-18 (Vernon 1974)"). Theft can occur, for example,
when the victim is induced to ship goods that he would not have otherwise shipped, irrespective of whether
the accused actually received, possessed, or acquired the merchandise. See Ellis v. State, 714 S.W.2d
465, 474 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd); Salazar v. State, 711 S.W.2d 720, 723
(Tex. App.--Corpus Christi 1986, pet. ref'd).

 Geter v. State involved a theft case where the court held that the State need not show that
the defendant actually possessed on her person legal paper, money or coin, in order to prove the exercise
of control over currency of the United States. The unlawful exercise of control over a check is, upon the
defendant's negotiation of the check, the exercise of control over the money represented by the check. 
Geter v. State, 795 S.W.2d 208, 209-10 (Tex. App.--Tyler 1987), vacated and remanded on other
grounds, 779 S.W.2d 403 (Tex. Crim. App. 1989); see also Jones v. State, 672 S.W.2d 812, 817 (Tex.
App.--San Antonio 1983), aff'd in part, reversed in part, 672 S.W.2d 798 (Tex. Crim. App. 1984).

 "Exercise control" means the intent to deprive the owner of his property without his
effective consent. Jackson, 571 S.W.2d at 2; Roberson v. State, 821 S.W.2d 446, 447 (Tex.
App.--Corpus Christi 1991, pet ref'd). The intent to deprive is determined from the words, acts, and
conduct of the accused. Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 In the instant case, the Mercury was missing from the company where appellant had
previously been employed. He later offered to trade in the same Mercury automobile for $2,000 towards
the purchase of another car from Prestige Chrysler Northwest, his new employer. The deal was held in
abeyance until appellant could produce a title to the Mercury in his name. Shortly thereafter, appellant
produced a title to the Mercury in his name, the deal was consummated, he acquired the 1992 Buick, and
Prestige Chrysler Northwest acquired the Mercury. Although there was not direct evidence of appellant
being in physical possession of the car, (5) the circumstantial evidence was sufficient to show that appellant
acquired and exercised control on the 1985 Mercury. In addition, the evidence showed that appellant,
even in the absence of direct proof of physical possession, was in a position to take action that would
deprive the owner of the Mercury and he did so, and thus was in a position of exercising control over the
property in question. A defendant's guilt may be established by the combined or cumulative weight of all
the evidence, circumstantial and direct. See McDuff v. State, 939 S.W.2d 607, 623-24 (Tex. Crim. App.
1997).

 Viewing the evidence in the light most favorable to the jury's verdict, we conclude any
rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense
charged. The first point of error is overruled.


SECOND POINT--FACTUAL SUFFICIENCY


 In his second point of error, appellant challenges the factual sufficiency of the evidence to
support a finding that he acquired and exercised control over the 1985 Mercury as alleged. The point is
briefed together with point of error one. We are simply told: "In the alternative, the judgment should be
reversed and the cause remanded for new trial because the guilty verdict is so contrary to the weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996);
Stone v. State, 823 S.W.2d 375 (Tex. App.--Austin 1992)." No further argument is offered as to factual
insufficiency. See Tex. App. P. 74(f). (6)

 In evaluating a factual sufficiency question, the appellate court begins with the presumption
that the evidence is legally sufficient to support the conviction. Clewis, 922 S.W.2d at 134. According
to Clewis, when addressing a factual sufficiency complaint, the court must consider and weigh all of the
evidence "without the prism of 'in the light most favorable to the prosecution,'" as required by Jackson v.
Virginia in cases of complaints of legal insufficiency. The court should, however, set aside the conviction
only if it is so contrary to the overwhelming weight of the evidence to be clearly wrong and unjust. Clewis,
922 S.W.2d at 129. In conducting a factual sufficiency review, an appellate court reviews the factfinder's
weighing of the evidence but it cannot substitute its judgment for that of the factfinder. Id. at 133; Davila
v. State, 930 S.W.2d 641, 647 (Tex. App.--El Paso 1996, pet. ref'd).

 We need not reiterate the evidence. Applying Clewis, we conclude that the conviction is
not so contrary to the overwhelming evidence of guilt as to be clearly wrong and unjust. The second point
of error is overruled.


VENUE


 In his third and last point of error, appellant challenges the legal sufficiency of the evidence
"to support a finding by the jury that venue was proper in Williamson County" as alleged. Appellant by
his motion for an instructed verdict timely raised the issue of venue in the trial court so that issue is before
us. While the State must allege and prove venue to obtain a criminal conviction, venue is not an element
of the offense. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981); Edwards v. State, 427
S.W.2d 629, 634 (Tex. Crim. App. 1968). It need not be proven beyond a reasonable doubt but rather
by a preponderance of evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (West 1977); Black v. State,
645 S.W.2d 789, 790 (Tex. Crim. App. 1983).

 "Where property is stolen in one county and removed by the offender to another county,
the offender may be prosecuted either in the county where he took the property or in any other county
through or into which he may have removed the same." Tex. Code Crim. Proc. Ann. art. 13.08 (West
1977).

 The trial court in its charge instructed the jury in accordance with article 13.08, properly
placing the burden on the State by a preponderance of the evidence, and told the jury to acquit if the State
did not prove venue as alleged by a preponderance of the evidence.

 Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a
rational trier of fact could have found by a preponderance of the evidence that venue was properly proven
to be in Williamson County. The third point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: October 23, 1997

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant filed a motion to set aside or quash the indictment. Only a portion of the motion was
directed to count one, paragraph one. The trial court's order overruling the motion in part is not a
contention on appeal. The indictment is not a model to be emulated.
2. Act of May 30, 1975, 64th Leg., R.S., ch. 342, § 9, 1975 Tex. Gen. Laws 912, 914 (Tex.
Penal Code § 31.01, § 5). The current code is unchanged. See Tex. Penal Code Ann. § 31.01(4)(A),(B)
(West 1994).
3. The effect of appellant's argument is that the State chose wrongly. If it had alleged transfer of
title, the proof would have met the allegation.
4. The elements of the instant offense are (1) a person (2) with intent to deprive the owner of the
property (3) of the value of $750 or more but less than $20,000 (4) acquires or otherwise exercises control
over property (5) without the effective consent of the owner. See Ex parte Cannon, 546 S.W.2d 266,
272 (Tex. Crim. App. 1970).
5. The State argues that there was direct evidence, calling attention to defendant's exhibit 5, a copy
of the complaint filed by Lt. Williams. The complaint recited in part that Mary Ann Hall, an employee at
Prestige Chrysler had told Williams that appellant drove the Mercury representing it to be his own and had
traded it for a newer vehicle. The prosecutor contends that inadmissible hearsay admitted without objection
shall not be denied probative value because it is hearsay. Tex. R. Crim. Evid. 802. It is urged that
appellant waived any objection by introducing the exhibit and it provides the probative value sufficient to
support the physical possession of the Mercury by appellant. The prosecutor overlooks the fact that the
exhibit was introduced in a hearing outside the jury's presence and for the purpose of the hearing only to
determine the admissibility of certain evidence.
6. Effective September 1, 1997, Rule 74(f) has become Rule 38.1(h). This appeal was perfected
and submitted prior to September 1, 1997.



nse. Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981); Edwards v. State, 427
S.W.2d 629, 634 (Tex. Crim. App. 1968). It need not be proven beyond a reasonable doubt but rather
by a preponderance of evidence. Tex. Code Crim. Proc. Ann. art. 13.17 (West 1977); Black v. State,
645 S.W.2d 789, 790 (Tex. Crim. App. 1983).

 "Where property is stolen in one county and removed by the offender to another county,
the offender may be prosecuted either in the county where he took the property or in any other county
through or into which he may have removed the same." Tex. Code Crim. Proc. Ann. art. 13.08 (West
1977).

 The trial court in its charge instructed the jury in accordance with article 13.08, properly
placing the burden on the State by a preponderance of the evidence, and told the jury to acquit if the State
did not prove venue as alleged by a preponderance of the evidence.

 Viewing the evidence in the light most favorable to the jury's verdict, we conclude that a
rational trier of fact could have found by a preponderance of the evidence that venue was properly proven
to be in Williamson County. The third point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, B. A. Smith and Onion*

Affirmed

Filed: October 23, 1997

Do Not Publish







* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. Appellant filed a motion to set aside or quash the indictment. Only a portion of the motion was
directed to count one, paragraph one. The trial court's order overruling the motion in part is not a
contention on appeal. The indictment is not a model to be emulated.
2. Act of May 30, 1975, 64th Leg., R.S., ch. 342, § 9, 1975 Tex. Gen. Laws 912, 914 (Tex.
Penal Code § 31.01, § 5). The current code is unchanged. See Tex. Penal Code Ann. § 31.01(4)(A),(B)
(West 1994).
3. The effect of appellant's argument is that the State chose wrongly. If it had alleged transfer of
title, the proof would have met the allegation.
4. The elements of the instant offense are (1) a person (2) with intent to deprive the owner of the
property (3) of the value of $750 or more but less than $20,000 (4) acquires or otherwise exercises control
over property (5) without the effective consent of the owner. See Ex parte Cannon, 546 S.W.2d 266,
272 (Tex. Crim. App. 1970).
5. The State argues that there was direct evidence, calling attention to defendant's exhibit 5, a copy
of the complaint filed by Lt. Williams. The complaint recited in part that Mary Ann Hall, an employee at
Prestige Chrysler had told Williams that appellant drove the Mercury representing it to be his own and had
traded it for a newer vehicle. The prosecutor contends that inadmissible hearsay admitted without objection
shall not be denied probative value because it is hearsay. Tex. R. Crim. Evid. 802. It is urged that
appellant waived any objection by introducing the exhibit and it provides the probative value sufficient to
support the physical possession of the Mercury by appellant. The prosecutor overlooks the fact that the
exhibit was introduced in a hearing outside the jury's presence and for the purpose of the hearing only to