Troy James **MORRISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60817.

Court of Criminal Appeals of Texas.

Nov. 18, 1981.

Rehearing Denied Jan. 6, 1982.

John Ellis, Dallas, for appellant.

Henry M. Wade, Dist. Atty., William T. Westmoreland, Jr., Andy Anderson and Reed W. Prospere, Asst. Dist. Attys., Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for burglary of a habitation. Punishment was assessed by the jury at 30 years.

In his third ground of error appellant challenges the admissibility of a prior conviction during the punishment stage. Appellant objected to evidence of a prior conviction for attempted capital murder on the ground that the indictment is fundamentally defective, rendering the conviction void.[1] The indictment alleged that appellant did:

---

1. The objection at trial was:
   "MR. ELLIS: We would object to the introduction of—these have been marked haven't

they—of what has been marked as State's Exhibit 21 for identification and move that the Court suppress its introduction into evi-

**730**

"... knowingly and intentionally attempt to cause the death of Henry Lee Stiller, and that the said complainant was a peace officer acting in the lawful discharge of an official duty and that the said Troy James Morrison then and there knew that the said complainant was a peace officer."

■ Among the elements of attempted murder are that the defendant does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *Teal v. State*, 543 S.W.2d 371, 373 (Tex.Cr.App.). This is also an element of attempted capital murder. See *Hobbs v. State*, 548 S.W.2d 884 (Tex.Cr.App.).[2] The indictment need not allege the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended," *if* it alleges facts which show the act is of that character. *Colman v. State*, 542 S.W.2d 144 (Tex.Cr.App.). An indictment that alleges neither that element nor facts which show that element, on the other hand, is insufficient to allege criminal attempt. *Hobbs v. State*, supra.

■ The indictment in the prior conviction under examination here fails to allege any act whatsoever. It obviously also fails to allege an act amounting to more than mere preparation that tends but fails to effect commission of the offense intended, and is therefore fundamentally defective. It was error to admit evidence of the prior conviction over objection.

■ The State proved two prior convictions at the punishment stage: felony theft

over fifty dollars, with punishment assessed at two years; and attempted capital murder, with punishment assessed at twenty years. We are unable to say the erroneous admission of the latter prior conviction could not have contributed to the assessment of punishment at thirty years in this case. The error is not harmless.

The judgment is reversed and the cause remanded.

McCORMICK, Judge, dissenting.

I cannot agree with the majority that one of the elements of the offense of attempted capital murder which must be alleged in an indictment is "that the defendant does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Granted, it is a matter which must be proved, but it is not an "element of offense" within the definition of the penal code and, therefore, is not necessary to the indictment.

V.T.C.A. Penal Code, Section 1.07(a)(13), provides:

"(13). 'Element of offense' means:
  "(A) the forbidden conduct;
  "(B) the required culpability;
  "(C) any required result; and
  "(D) the negation of any exception to the offense."

V.T.C.A. Penal Code, Section 1.07(a)(8), provides:

"(8) 'Conduct' means an act or omission and its accompanying mental state."

Finally, an "attempt" is "an *act* amounting to more than mere preparation that tends but fails to effect the commission of

dence herein and we would object to the introduction of this packet into evidence herein because as a part of that packet there is an Indictment which was returned in that cause and which is a part of that cause and the Indictment fails to show the manner or means used; that is to say, it reflects knowingly and intentionally attempt to cause the death of Henry Lee Stiller without alleging the manner or means used in attempting to cause the death of Henry Lee Stiller and we submit that the Indictment is fundamentally defective and any conviction obtained on said Indictment is void and violative of the due

process of this Defendant and particularly the Penal Code, Articles 15.01, Section A."

2. The State's reliance on *Eanes v. State*, 546 S.W.2d 312 (Tex.Cr.App.), which held an indictment for *aggravated assault* need not allege the manner and means used is distinguishable, in that the elements of *criminal attempt*, as stated in *Teal v. State*, supra, expressly include *an act* amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Without allegation of that act, i.e., the "manner and means," it is impossible to allege these elements of criminal attempt.

the offense intended." (Emphasis added). V.T.C.A. Penal Code, Section 15.01(a). In charging an attempt crime, the "attempt" is the forbidden conduct. The language "an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended" is the *definition* of attempt, and *not* the "element of offense" contemplated by Section 1.07(a)(13), supra.

The general rule is that, when a term is defined in the statutes, it need not be further alleged in the indictment. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974); *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981). Although the indictment in the case at bar may have been subject to a motion to quash, it sufficiently informed appellant of the offense with which he was charged. A collateral attack on the grounds now asserted should not be allowed.

For these reasons, I must dissent.