**Norman David ALTMAN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–83–124–CR.**

Court of Appeals of Texas, Eastland.

Sept. 8, 1983.

Discretionary Review Refused Feb. 29, 1984.

Vincent W. Perini, Perini, Mills & Carlock, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Dallas, for appellee.

RALEIGH BROWN, Justice.

This is an appeal from a conviction on a plea of nolo contendere for the offense of

public lewdness. Punishment was assessed by the court at confinement in the Dallas County Jail for a period of 30 days plus a fine of $350, probated for a period of 12 months. We affirm.

In a single ground of error, appellant urges that the trial court erred in denying his motion to dismiss based on his claim of entrapment.

■ TEX.CODE CRIM.PRO.ANN. art. 28.01, sec. 1(9) (Vernon 1981) provides that a pretrial hearing may be held to determine the matter of entrapment. In such a hearing the appellant has the burden of producing evidence sufficient to raise the defense, and the prosecution then has the burden of disproving the defense. *Bush v. State*, 611 S.W.2d 428 (Tex.Cr.App.1980).

■ The defense of entrapment is to be determined by the finder of fact. *Robert v. State*, 613 S.W.2d 291 (Tex.Cr.App.1981). Appellant contends that he raised the issue of entrapment at the pretrial hearing and the state failed to offer evidence in rebuttal.

■ The evidence at the pretrial hearing showed that on the evening of March 3, 1982, as appellant, a male homosexual, was walking from the Cruise-Inn, a "gay bar" on Fitzhugh Street in Dallas, to The Den, another "gay bar" in the area, a blue pick-up truck carrying two male undercover police officers obstructed his path. The occupants of the truck "flirted" with appellant and invited him in graphic language to engage in homosexual activity. They also questioned appellant about the possibility of obtaining illegal drugs. Appellant declined their invitations. The police officers backed their truck from appellant's path, but followed appellant as he proceeded toward The Den. When they pulled up next to appellant he contended that he reached into the truck to shake hands or pat the passenger on the leg. The police officer claims appellant touched his genitals and arrested appellant for public lewdness. Appellant testified that he was induced to respond to the police officers in such a "familiar" manner by their "graphic" invitation to engage in sexual conduct and their persistently "aggressive behavior."

TEX.PENAL CODE ANN. sec. 8.06(a) (Vernon 1979) provides:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

The court in *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979) stated:

The defense of entrapment is not available to a defendant that denies the commission of the offense. *Warren v. State*, 565 S.W.2d 931 (Tex.Cr.App.); *Stephens v. State*, 522 S.W.2d 924 (Tex.Cr. App.). This is because a denial of the commission of the offense is inconsistent with entrapment, as this defense assumes that the offense was committed. *Stephens v. State*, supra. However, the defendant who pleads not guilty and who does not take the stand or offer any testimony inconsistent with her commission of the crime would still be entitled to offer a defense of entrapment. See *U.S. v. Groessel*, 440 F.2d 602 (5th Cir.1971). Thus, the defendant is not required to admit the commission of the offense in each case.

Appellant was charged with the offense of public lewdness [1] to-wit:

[O]n or about the 3rd day of March A.D., 1982 in the County of Dallas and State of

---

1. TEX.PENAL CODE ANN. sec. 21.07(a) (Vernon 1979):

(a) *A person commits an offense if he knowingly engages in* any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:

(1) an act of sexual intercourse;
(2) an act of deviate sexual intercourse;
(3) *an act of sexual contact;*
(4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl. (Emphasis added)

Texas, did unlawfully then and there knowingly engage in an act of sexual contact with W.W. Wilson, hereinafter called complainant, by then and there touching the genitals of the said complainant, with the intent to arouse and gratify the sexual desire of said defendant, while said persons were in a public place, namely, in the alley located at 4200 Cole Avenue, Dallas, Texas.

Sexual contact is a necessary element of the offense and is defined as: TEX.PENAL CODE ANN. sec. 21.01(2) (Vernon 1979):

\* \* \* \* \* \*

(2) "Sexual contact" means any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

See *Resnick v. State*, 574 S.W.2d 558 (Tex. Cr.App.1978), which holds that placing a hand on the undercover officer's trousers covering his genitals is sufficient "sexual contact" to constitute the offense of "public lewdness."

Appellant testified that he was not sure whether he touched the officer's genitals. He testified that he did not intend to do so. He intended to touch the officer on the leg in a "gesture of friendship." Therefore, appellant's testimony was inconsistent with the commission of the crime charged in that he denied engaging in the offense "intentionally or knowingly" and he denies acting with the intent of arousing or gratifying his sexual desires.

Appellant's testimony was inconsistent with the commission of the offense charged; therefore, the trial court correctly denied his motion to dismiss based on his claim of entrapment. We need not pass on the issue of whether the alleged conduct of the police officers raised the issue of entrapment.

The judgment is affirmed.