Hobert E. HOLMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0202–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 19, 1985.

H.J. Bernard, Thomas D. White, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Karen Zellars and Allen Tanner, Harris County Asst. Dist. Attys., Houston, for appellee.

## OPINION

SAM BASS, Justice.

A jury convicted appellant of attempted murder and assessed punishment at five years confinement. This court originally sustained appellant's contention that the jury charge was fundamentally defective and reversed his conviction. Subsequent to our opinion, the Court of Criminal Appeals decided *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Crim.App.1985) (op. on reh'g), and, in an unpublished opinion, remanded this cause for reconsideration under the standards set out in *Almanza*. Applying those standards, we affirm.

In his first ground of error, appellant contends that the jury charge was fundamentally defective because it failed to require the jury to find that appellant committed the offense by "intentionally shooting [WL] with a gun," as alleged in the indictment. The pertinent portion of the charge instructed the jury as follows:

Now if you find from the evidence beyond a reasonable doubt that on or about the 31st day of January, 1983, in Harris County, Texas, the defendant, Hobert H. Holman, did, with intent to kill the said [W.L.], attempt to cause the death of [W.L.], *as set forth in the indictment,* then you will find the defendant guilty of an attempt to commit murder. (emphasis added)

The language of the indictment was not included in the charge, and there were no trial objections to the charge.

██ If there is no proper objection at trial and the accused claims that the error in the charge is fundamental, he will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. To determine the degree of harm we look to the entire charge to the jury, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171. Where the paragraph applying the law omits an essential element of the offense,

the remainder of the charge, including the abstract definitions, may be sufficient to cure the error presented. *Id.* at 172–74. In the instant cause, the charge substituted the words "as set forth in the indictment" for the indictment's words, "by shooting him with a gun."

██ Appellant was charged with attempted murder, an inchoate crime, which required proof of: 1) an intent to commit a specific offense, and 2) a specific act which tended, but failed, to effect the commission of that offense. Appellant's act was an essential element of the offense. *Morrison v. State*, 625 S.W.2d 729 (Tex.Crim. App.1981). Under the facts of this case, its omission from the charge was harmless, if error.

Appellant testified and admitted that he shot the victim with a gun. His defenses were self-defense and provocation. The allegation of shooting with a gun was undisputed. The charge regarding the lesser-included offense of aggravated assault instructed the jury that they had to find that appellant committed the offense "by shooting [WL] with a gun." In final argument, his counsel admitted that appellant used a gun but argued that appellant had no intent to kill. In view of the entire record, the omission of the words "by shooting him with a gun" could not have confused or misled the jury. Therefore, the omission was not so egregiously harmful as to require reversal. Appellant's first ground of error is overruled.

Appellant's second ground of error alleges that the trial court erred in permitting State's witness Sanders to testify that she was afraid of appellant. Appellant argues that this was error because it permitted the State to prove his bad reputation when he had not put his reputation in issue.

██ The objection on appeal must comport with the objection at trial or nothing is presented for review. *Carrillo v. State*, 591 S.W.2d 876, 892 (Tex.Crim.App. 1979). At trial appellant objected "to the phone call." Even if we interpret the stated basis of the trial objection to comport

with the objection raised on appeal, the witness did not testify to appellant's reputation. Sanders related the telephone conversation initiated by appellant, and testified that: 1) she was afraid because of the incident; and 2) she didn't know if he was coming back, so she locked the doors. Her reaction and the words spoken by appellant were admissible to show appellant's attempt to intimidate a potential witness against him. *Rodriguez v. State,* 577 S.W.2d 491 (Tex.Crim.App.1979). Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the court erred in assessing punishment based on the finding of guilt and the pre-sentence investigation. Appellant makes only conclusory statements and cites no authority; he has not preserved this point for review. Tex.Code Crim.P. Ann. art. 40.09, sec. 9 (Vernon 1985); *e.g., Phillips v. State,* 511 S.W.2d 22 (Tex.Crim. App.1974).

■ Even if the question were properly preserved, there would be no error. The State offered no evidence on the issue of punishment. Appellant requested that the court order a presentence investigation. Appellant's only objection to the court's consideration of the report was that it contained hearsay. The trial judge may consider a pre-sentence investigation containing hearsay. *Brown v. State,* 478 S.W.2d 550 (Tex.Crim.App.1972). Appellant's last ground of error is overruled.

The judgment is affirmed.