**Walter Ruiz CASTILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–0136–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 17, 1985.

Frumencio Reyes, Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Calvin A. Hartmann, John Kyles, Ruben Perez, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUNN, WARREN and SAM BASS, JJ.

## OPINION

DUNN, Justice.

The appellant was indicted in October of 1983 for the offense of burglary of a habitation with the intent to commit theft. He first stood trial in September of 1984, but that jury was discharged because they could not agree upon a verdict. In January of 1985, following the appellant's plea of "not guilty" to this offense, a second jury found him guilty as charged and assessed the maximum punishment of 99 years imprisonment and a $10,000 fine.

The sufficiency of the evidence is not challenged.

The appellant's first ground of error alleges that the trial court erred in overruling his motion for mistrial. The question presented to this court is whether the State's introduction of inadmissible jail cards and its mention of void prior convictions was cured by the court's instruction to the jury to disregard.

■ Both the State and the appellant cite the general rule that an instruction to disregard improperly admitted evidence is generally sufficient to cure error in its admission, unless it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Gonzales v. State*, 685 S.W.2d 47, 49 (Tex.Crim.App.1985). In determining whether a jury instruction is sufficient to cure the error, the facts of each particular case must be examined. *Id.*

The record before us reflects that, in the presence of the jury, the State read nine cause numbers into the record and introduced four jail cards and two bail bonds into evidence over the appellant's objections.

Upon the State's offer of six certified copies of prior judgments into evidence, the appellant again objected, and the jury was removed. Defense counsel then objected to the six copies of prior judgments, because they were defective under the Court of Criminal Appeals holding in *Samudio v. State*, 648 S.W.2d 312 (Tex.Crim.App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983). The State withdrew its offer of four of the prior judgments and the court granted defense counsel's renewed motion, based on the holding in *Samudio*, to suppress one of the bail bonds and all four of the jail cards. Upon the jury's return, they were instructed by the court to disregard for all purposes any discussion made in reference to these exhibits. The appellant made a further motion for mistrial, on the grounds that the jury had been prejudiced in such a manner that the instructions given by the court would not be sufficient to cure the damage that had already been done. The motion for mistrial was overruled.

The State does not attempt to argue that it presented proof of valid prior convictions, but rather contends that it presented the questionable jail cards and prior judgments in a "good faith effort" to comply with *Daniel v. State*, 585 S.W.2d 688 (Tex.Crim. App.1979). There, the Court of Criminal Appeals set out various approved means of proving that a defendant is the same person previously convicted. The State's attempted method of proof in the instant case appears to have been the "[i]ntroduction of certified copies of the judgment and sentence and record of the Texas Department of Corrections or a county jail *including* fingerprints of the accused supported by expert testimony identifying them with known prints of the defendant...." *Id.* at 690 (emphasis in original).

■ We find that a "good faith effort" by the State does not abrogate the need for the showing of a valid final conviction. *See*

Tex.Code Crim.P.Ann. art. 37.07, sec. 3(a) (Vernon 1981). "[N]o matter which method the State elects to proceed under, it is incumbent upon the State to show a conviction." *Lyle v. State,* 669 S.W.2d 853, 856 (Tex.App.—Corpus Christi 1984, no pet.).

Since there is nothing in the record to indicate otherwise, we assume that the trial court was correct in finding the prior judgments to be defective under *Samudio.* The erroneous admission of prior judgments has been held to require reversal of the judgment and remand for new trial. *See Morrison v. State,* 625 S.W.2d 729 (Tex.Crim.App.1981); *Hunter v. State,* 640 S.W.2d 656 (Tex.App.—El Paso 1982, pet. ref'd).

■ Under the circumstances of this case, we agree with the appellant that the evidence was calculated to inflame the minds of the jurors and was of such character to suggest the impossibility of withdrawing the impression produced on their minds. Before being instructed by the judge to disregard the inadmissible evidence, the jury heard nine cause numbers read into the record, saw four jail cards and two bail bonds introduced into evidence, and heard the State's offer of six prior judgments. The record shows that only one prior conviction, a burglary case, for which the appellant received probation, was properly admitted into evidence.

We disagree with the State's contention that the jurors "probably remained unaffected by the mere reading of several cause numbers." The words "bail bonds," "jail cards," "cause numbers," and "judgments" are not beyond the layman's understanding. As stated by the Court of Criminal Appeals in *Morgan v. State:*

> The very purpose for introducing evidence of a defendant's prior criminal record is to encourage the jury to assess a greater, rather than a lesser, number of years. Under such circumstances, improper evidence of a prior charge or conviction before the jury is inherently prejudicial.

515 S.W.2d 278, 282 (Tex.Crim.App.1974).

The State also argues that the "particular details" of the instant case led to the jury's assessment of the maximum penalty. Although the complainant's husband was shot during the burglary and later died, the complainant's trial testimony affirmatively shows that the appellant did not harm her husband and had already fled the scene when the shooting occurred.

■ In light of the fact that the jury assessed the maximum penalty of 99 years and a $10,000 fine for burglary of a habitation, we cannot say that the appellant was not harmed by the State's introduction of inadmissible jail cards and its mention of void prior convictions. Where evidence of prior convictions has been erroneously admitted, cases in which the jury assessed lesser penalties than that in the instant case have been reversed on appeal. *Cf. Morrison,* 625 S.W.2d at 730 (punishment for burglary of a habitation assessed at 30 years); *Daniel,* 585 S.W.2d at 693 (punishment for murder assessed at 20 years); *Hunter,* 640 S.W.2d at 659 (jury assessed nine-tenths of the maximum sentence for involuntary manslaughter).

The cause is reversed and remanded to the trial court for a new trial.