Tony MARLOW, Appellant,

v.

The STATE of Texas, State.

No. 2–85–128–CR.

Court of Appeals of Texas,
Fort Worth.

May 7, 1987.

Rehearing Denied June 17, 1987.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and HARRY HOPKINS (Retired, Sitting by Assignment), JJ.

OPINION

HOPKINS, Justice.

Appellant, Tony Marlow, appeals his jury conviction for the offense of delivery of methamphetamine in an amount less than 28 grams.

The judgment is affirmed.

Appellant was arrested after selling approximately 21½ grams of methamphetamine to an undercover police officer. The officer testified that Rex Keeling contacted him regarding a sale of methamphetamine. They agreed to meet at a later time to carry out the sale. Keeling and appellant met the officer later that morning. The officer testified appellant handed him two small zip-lock bags of methamphetamine. The officer then handed Keeling $650.00 in cash, who, in turn, gave the money to appellant. Following this transaction, both individuals were arrested.

Appellant asserts four points of error in two briefs.[1] Appellant's sole point of error from the first brief asserts that the trial court erred in refusing to instruct the jury on the affirmative defense of entrapment.

■ The defense of entrapment is defined in the Penal Code, sec. 8.06 as follows:

It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

TEX.PENAL CODE ANN. sec. 8.06(a) (Vernon 1974). Entrapment, by its nature, is an affirmative defense. The use of this defense provides the defendant with a legal excuse for committing an act. As such, it is well established that one must admit he committed the act as charged. Consequently, one cannot argue that he did not commit an act, and, at the same time, that he was entrapped into committing that act. This principle of law is well established. *See Altman v. State*, 666 S.W.2d 505, 507 (Tex.App.—Eastland 1983, pet. ref'd); *Evans v. State*, 690 S.W.2d 112, 114 (Tex.App. —El Paso 1985, pet. ref'd).

In this case, appellant specifically waived his right against self-incrimination and testified in his own defense. Appellant denied committing the act charged. Specifically, under cross-examination, the prosecutor asked: "On that day, you delivered to [the undercover police officer] a controlled substance, methamphetamine of less than twenty-eight grams in weight by actually transferring it, didn't you?" To this appellant replied: "No, sir." Throughout the remainder of cross-examination, appellant consistently denied that he ever delivered the methamphetamine to the officer.

Based upon appellant's testimony, denying his commission of the offense, and the holdings of the *Altman* and *Evans* cases, this point of error is overruled.

■ Appellant's next point of error attacks the jury charge for failing to include a culpable mental state in the application paragraph. Appellant failed to register such an objection to the charge in the trial court. *Brown v. State*, 716 S.W.2d 939 (Tex.Crim.App.1986). Objections must be sufficiently specific to point out the errors of which complaint is made.

■ There may be four types of fundamental error in the jury charge: 1) omission of essential allegation; 2) substituted theory of offense; 3) a charge which enlarges on the indictment; and 4) conviction authorized for conduct not an offense. *See Cumbie v. State*, 578 S.W.2d 732, 733–34 (Tex.Crim.App.1979).

---

1. Appellant's original brief presented two points of error. The first point was stricken by order of this court. Appellant was appointed new counsel who filed a second brief which presented three points of error. We will address the remaining point from his first brief since it was not repeated in the second brief.

■ The omission of a culpable mental state in the charge is error. *See Doyle v. State*, 631 S.W.2d 732, 737 (Tex.Crim.App. 1980).

■ Inasmuch as appellant did not object at trial to the error in the court's charge, the case will be reversed only if the error was so egregious and created such harm that appellant has not had a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g); TEX.CODE CRIM.PROC. ANN. art. 36.19 (Vernon 1981).

■ In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171. The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

In the instant case, paragraph one of the charge correctly sets out the applicable law: "Our law provides that a person commits an offense if he knowingly or intentionally delivers a controlled substance." Paragraph two correctly defines intentionally and knowingly.

■ Reading the charge as a whole, as it relates to the facts addressed at trial, we find the jury was sufficiently instructed that a culpable mental state must be proved by the State beyond a reasonable doubt in order to convict appellant. *See Holman v. State*, 697 S.W.2d 824 (Tex.App. —Houston [1st Dist.] 1985, no pet.). We do not find the omission created egregious harm and appellant was not denied a fair and impartial trial.

Appellant's last two points of error allege the prosecutor committed prejudicial jury argument during the punishment phase.

■ The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *Campbell v. State*, 610 S.W.2d 754, 756

(Tex.Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984); *Darden v. State*, 629 S.W.2d 46, 52 (Tex.Crim. App.1982).

Appellant first alleges the prosecutor impermissibly commented on the law of parole. The complained of argument is as follows:

> What you have to do is bite the bullet and make the hard decision. We are not here asking for mercy like the defense attorney. As that charge says, the Board of Pardons and Paroles decides how long people stay in prison. His natural life, stuff, that is not your decision. That is their decision. You don't consider it.

The trial court overruled appellant's objection.

Jury argument must stay within the bounds of permissible argument and must not state law contrary to the court's charge. *Roberts v. State*, 682 S.W.2d 438, 444 (Tex.App.—Fort Worth 1984, no pet.). *See also Jones v. State*, 641 S.W.2d 545 (Tex.Crim.App.1982). The charge as to punishment read in pertinent part:

> You are not to discuss among yourselves how long the defendant would be required to serve the sentence, if any, that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of Texas, and are of no concern to you.

■ For the most part, the prosecutor's argument follows the court's charge. The reference to "his natural life" inasmuch as it is outside the charge was invited by the following arguments of defense counsel:

> Tony Marlow is 30 years old....
>
> •  •  •  •  •
>
> 75 years is longer than most of you could expect to live. If I'm not mistaken, it is longer than the average life span of the average American citizen today....
>
> •  •  •  •  •

75 years is a long time....

. . . . .

Scott may ask you for life. I don't know. That is pretty flippant to ask a person to put a person in jail for 75 years when you know that the person will be dead in 75 years. Their life span will run its course....

We find that the challenged argument does not exceed the permissible bounds of jury argument. *See Cannon*, 668 S.W.2d at 404.

■ Next, appellant contends the trial court erred in denying appellant's motion for mistrial based upon prosecutorial comments regarding the effects of methamphetamine upon the human body. The complained of argument made during the punishment phase is as follows:

Why such a lengthy sentence? Why must we do it? Because these are bad, hard drugs. These are not light drugs, if there is such a thing. These are drugs that are put into syringes, arms are tied up and they are pumped into the arm and pumped into the blood stream and every bit of it, if it goes into that blood stream and it pumps—where does it go, where does it circulate in the body? It circulates through the brain and nervous system.

Appellant's objection was sustained, and the jury was instructed to disregard. We find the error, if any, was cured by the court's instruction. *Anderson v. State*, 633 S.W.2d 851, 855 (Tex.Crim.App.1982); *Hodge v. State*, 631 S.W.2d 754, 759 (Tex. Crim.App.1982).

Further, earlier in the trial, there was testimony from a qualified police officer that methamphetamine is administered by injection into the vein. The prosecutor's argument makes a reasonable deduction of the consequences of an injection.

The judgment below is affirmed.