# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

### NO. 03-05-00191-CR

**Julian Villanueva, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-2004-904184, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING**

## O P I N I O N

Our opinion and judgment issued on April 25, 2008, are withdrawn, and the following is substituted.

Appellant Julian Villanueva was convicted of sexual assault of a child in 1989. As a sex offender, he was required to register with local law enforcement and keep his address current with the authorities. *See* Tex. Code Crim. Proc. Ann. arts. 62.051, .055 (West 2006) ("Registration: General," "Change of Address").[1] In 2004, he was indicted for six counts of failure to register as a

---

[1] Appellant was indicted in 2004 for offenses committed in 2003. In 2005, chapter 62 of the code of criminal procedure was amended and renumbered. *See generally* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, 2005 Tex. Gen. Laws 3385. The 2005 amendments do not effect the substance of the statutes in question in this case. For convenience, we will refer to the current version of the code.

sex offender spanning from May to October 2003.[2] A jury convicted appellant of all six counts, enhanced to a first-degree felony by allegations of four earlier felony convictions from 1984 and 1986, and sentenced him to forty-five years' imprisonment for each count. On appeal, he complains that the evidence is legally and factually insufficient to support the jury's verdict and that the trial court erred in admitting certain evidence. We modify the judgment of conviction and affirm the judgment as modified.

Appellant was charged with six counts of failure to register for the months of May, June, July, August, September, and October 2003. For each count, the indictment alleged that appellant failed to report a change of address or an intended change of address on the 10th of the month. In other words, from May through October 2003, for each month that passed without appellant registering, the State alleged a new count of failure to report a change or intended change of address. Appellant complains that the evidence is insufficient to support the convictions because there was no evidence that he moved from month to month, that he made any moves into or within Travis County, or that he had an intent to change his address.

A person convicted of a "reportable conviction," including sexual assault of a child, *id*. art. 62.001(5), (6) (West Supp. 2007), must timely register with local law enforcement in any municipality in which he resides or intends to reside for more than seven days. *Id*. art. 62.051(a). A person required to register who intends to change his address must provide his anticipated move date and new address to the local law enforcement authority designated as his "primary registration

---

[2] For each count, the indictment alleged that appellant failed to report a change of address or, alternatively, failed to report an intended change of address. *See* Tex. Code Crim. Proc. Ann. arts. 62.051, .055 (West 2006).

authority" and to his parole officer. *Id*. art. 62.055(a). If he changes his address, he must register with local law enforcement in his new municipality or county. *Id*. If he does not move to an intended address within seven days of his release or his departure from a previous residence, he must provide a temporary address and check in at least once a week while his address is temporary. *Id*. arts. 62.051(h), .55(e). Unless convicted more than once for a sexually violent offense, a person required to register who does not move must still report once a year within thirty days before or after his birthday. *Id*. art. 62.058(a) (West 2006). Failure to comply with any of the registration requirements set out in chapter 62 is a felony offense. *Id*. art. 62.102 (West 2006).

Appellant was released on mandatory supervision three times between 1989 and 2003, apparently returning to custody due to parole violations. All three times, he signed documents explaining the conditions for his release, including the requirement to comply with the sex-offender registration program. After his release in 2000, appellant registered with the Travis County Sheriff's Department, providing an address and returning to update his information. On April 25, 2003, appellant was released on parole and signed a document assigning him a residence at a work-release facility. In that document, the address was provided and appellant was instructed to report to the Travis County Sheriff's Department within seven days of his release. Appellant's parole officer testified that when a sex offender is released, standard procedures require him to be informed of the registration requirements and instructed to take a bus to Austin, where his parole officer would be waiting for him. Appellant's parole officer testified that she arrived at the bus station to meet appellant and drive him to the work-release facility, but appellant did not get off the bus or arrive by some other means at the facility. Appellant never reported to his parole officer, the Travis County Sheriff's Office, or the Department of Public Safety. He was arrested in October 2003.

3

Having reviewed the evidence, we hold that the evidence is both legally and factually sufficient to support one conviction for failure to register. The evidence establishes that appellant, who was assigned an address at the work-release facility, failed to arrive at that address as required. This supports a finding that appellant changed his address from the assigned work-release facility to another unknown address without reporting the intended or completed change as required. *See id.* arts. 62.051, .055. We overrule appellant's first two issues as they apply to the first charge of failure to register.

The evidence does not, however, support appellant's conviction for an additional five counts making the same allegations. The record contains no evidence that appellant moved every month between May and October, and nothing in articles 62.051 or 62.055 supports the State's decision to allege new offenses for the same action on a monthly basis. *See id.* arts. 62.051, .055. If we allow the State to charge appellant under chapter 62 in such a way, the State could just as easily level new charges against other defendants for every week or even every day that passes without a required registration. Instead, articles 62.051 and 62.055 allow the State to charge a defendant if he changes his address without registering the change. The evidence supports only one charge based on the change from the assigned work-release address to an unknown address, a change that occurred when appellant failed to appear at his assigned address and register with the Sheriff's Department and his parole officer. We sustain appellant's first two issues as to counts two through six.

Finally, appellant complains of the trial court's admission of the booking sheet from his 2003 arrest and his parole violation report from April 2003, complaining that both documents contained inadmissible hearsay, and testimony by law enforcement personnel related to those objections. Even assuming that the admission of the records or related testimony was improper, it

4

would not be reversible error. *See* Tex. R. App. P. 44.2(b); *Patton v. State*, 25 S.W.3d 387, 394 (Tex. App.—Austin 2000, pet. ref'd). As discussed above, the evidence, even excluding the objected-to evidence, was sufficient to show that appellant was informed of his duties to register as a sex offender, was told his assigned address, never appeared at that address, and failed to register a different address upon his release. We overrule appellant's issues three through seven.

Appellant asserts on rehearing that due to our reformation of the judgment of conviction, we should remand the case for a new punishment hearing. We disagree. During the punishment phase, the State emphasized appellant's criminal history of four prior felony convictions (three burglaries and the aggravated sexual assault of a child committed between 1984 and 1989) and multiple violations and revocations of probation. Although the State noted the multiple charges and explained that punishment would run concurrently, its emphasis was on appellant's criminal history and his failure to abide by the terms of probation. The State said, "How many chances does this man get? How many chances does this man get to come back to our community and hurt somebody else?" Later, in closing arguments, the State said, "His argument is that there has not been any evidence presented of any other convictions, but I think six felony convictions is enough. . . . He has gotten plenty of breaks already." The trial court did not improperly admit evidence of extraneous bad acts or defective prior convictions,[3] and the jury assessed separate sentences for each charge.

---

[3] *See Glivens v. State*, 918 S.W.2d 30, 32-34 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (improper admission of extraneous-offense evidence during punishment phase); *Castillo v. State*, 699 S.W.2d 337, 338-39 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd) (improper admission of jail cards and reference to void prior convictions during punishment phase); *see also Clewis v. State*, 222 S.W.3d 460, 467-68 (Tex. App.—Tyler 2007, pet. ref'd) (Griffith, J., dissenting) (after jury was empaneled and sworn, State dismissed six of seven indictments pursuant to plea agreement in remaining case; dissenting justice disagreed with majority's holding that State was not barred from introducing evidence of dismissed cases at punishment, asserting that defendant should be granted new punishment hearing).

*See Harris v. State*, 34 S.W.3d 609, 613-15 (Tex. App.—Waco 2000, pet. ref'd) (defendant convicted of two counts of manslaughter and two counts of intoxication manslaughter, all related to same death; court of appeals vacated three convictions and reformed judgment to reflect single conviction for intoxication manslaughter, holding, "This cause need not be remanded to the trial court for a reassessment of punishment because the trial judge assessed a separate sentence for each offense."); *see also Fitts v. State*, 982 S.W.2d 175, 180-81 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (defendant who killed his wife was convicted of murder by arson and murder for remuneration; court of appeals reformed judgment to reflect conviction for murder by arson, the "most serious" offense, holding, "Because the trial court assessed a separate sentence for each offense, we need not remand the case to the trial court for a reassessment of punishment.").

We have held that the evidence is sufficient to support a single conviction for failure to register. The evidence does not support the remaining five convictions. We therefore reform the judgment of conviction to reflect a single conviction and a single forty-five year sentence on count I, deleting the other five counts from the judgment. We affirm the judgment as reformed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reformed and, as Reformed, Affirmed on Motion for Rehearing

Filed:   July 2, 2008

Publish