TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




ON MOTION FOR REHEARING







NO. 03-05-00191-CR






Julian Villanueva, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. D-1-DC-2004-904184, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING





O P I N I O N


 Our opinion and judgment issued on April 25, 2008, are withdrawn, and the following
is substituted. 

 Appellant Julian Villanueva was convicted of sexual assault of a child in 1989. As
a sex offender, he was required to register with local law enforcement and keep his address current
with the authorities. See Tex. Code Crim. Proc. Ann. arts. 62.051, .055 (West 2006) ("Registration:
General," "Change of Address"). (1) In 2004, he was indicted for six counts of failure to register as a
sex offender spanning from May to October 2003. (2) A jury convicted appellant of all six counts,
enhanced to a first-degree felony by allegations of four earlier felony convictions from 1984 and
1986, and sentenced him to forty-five years' imprisonment for each count. On appeal, he complains
that the evidence is legally and factually insufficient to support the jury's verdict and that the trial
court erred in admitting certain evidence. We modify the judgment of conviction and affirm the
judgment as modified.

 Appellant was charged with six counts of failure to register for the months of May,
June, July, August, September, and October 2003. For each count, the indictment alleged that
appellant failed to report a change of address or an intended change of address on the 10th of the
month. In other words, from May through October 2003, for each month that passed without
appellant registering, the State alleged a new count of failure to report a change or intended change
of address. Appellant complains that the evidence is insufficient to support the convictions because
there was no evidence that he moved from month to month, that he made any moves into or within
Travis County, or that he had an intent to change his address.

 A person convicted of a "reportable conviction," including sexual assault of a child,
id. art. 62.001(5), (6) (West Supp. 2007), must timely register with local law enforcement in any
municipality in which he resides or intends to reside for more than seven days. Id. art. 62.051(a). 
A person required to register who intends to change his address must provide his anticipated move
date and new address to the local law enforcement authority designated as his "primary registration
authority" and to his parole officer. Id. art. 62.055(a). If he changes his address, he must register
with local law enforcement in his new municipality or county. Id. If he does not move to an
intended address within seven days of his release or his departure from a previous residence, he must
provide a temporary address and check in at least once a week while his address is temporary. Id.
arts. 62.051(h), .55(e). Unless convicted more than once for a sexually violent offense, a person
required to register who does not move must still report once a year within thirty days before or after
his birthday. Id. art. 62.058(a) (West 2006). Failure to comply with any of the registration
requirements set out in chapter 62 is a felony offense. Id. art. 62.102 (West 2006).

 Appellant was released on mandatory supervision three times between 1989 and 2003,
apparently returning to custody due to parole violations. All three times, he signed documents
explaining the conditions for his release, including the requirement to comply with the sex-offender
registration program. After his release in 2000, appellant registered with the Travis County Sheriff's
Department, providing an address and returning to update his information. On April 25, 2003,
appellant was released on parole and signed a document assigning him a residence at a work-release
facility. In that document, the address was provided and appellant was instructed to report to the
Travis County Sheriff's Department within seven days of his release. Appellant's parole officer
testified that when a sex offender is released, standard procedures require him to be informed of the
registration requirements and instructed to take a bus to Austin, where his parole officer would be
waiting for him. Appellant's parole officer testified that she arrived at the bus station to meet
appellant and drive him to the work-release facility, but appellant did not get off the bus or arrive
by some other means at the facility. Appellant never reported to his parole officer, the Travis County
Sheriff's Office, or the Department of Public Safety. He was arrested in October 2003.

 Having reviewed the evidence, we hold that the evidence is both legally and factually
sufficient to support one conviction for failure to register. The evidence establishes that appellant,
who was assigned an address at the work-release facility, failed to arrive at that address as required. 
This supports a finding that appellant changed his address from the assigned work-release facility
to another unknown address without reporting the intended or completed change as required. See
id. arts. 62.051, .055. We overrule appellant's first two issues as they apply to the first charge of
failure to register.

 The evidence does not, however, support appellant's conviction for an additional five
counts making the same allegations. The record contains no evidence that appellant moved every
month between May and October, and nothing in articles 62.051 or 62.055 supports the State's
decision to allege new offenses for the same action on a monthly basis. See id. arts. 62.051, .055. 
If we allow the State to charge appellant under chapter 62 in such a way, the State could just as easily
level new charges against other defendants for every week or even every day that passes without a
required registration. Instead, articles 62.051 and 62.055 allow the State to charge a defendant if he
changes his address without registering the change. The evidence supports only one charge based
on the change from the assigned work-release address to an unknown address, a change that occurred
when appellant failed to appear at his assigned address and register with the Sheriff's Department
and his parole officer. We sustain appellant's first two issues as to counts two through six.

 Finally, appellant complains of the trial court's admission of the booking sheet from
his 2003 arrest and his parole violation report from April 2003, complaining that both documents
contained inadmissible hearsay, and testimony by law enforcement personnel related to those
objections. Even assuming that the admission of the records or related testimony was improper, it
would not be reversible error. See Tex. R. App. P. 44.2(b); Patton v. State, 25 S.W.3d 387, 394
(Tex. App.--Austin 2000, pet. ref'd). As discussed above, the evidence, even excluding the
objected-to evidence, was sufficient to show that appellant was informed of his duties to register as
a sex offender, was told his assigned address, never appeared at that address, and failed to register
a different address upon his release. We overrule appellant's issues three through seven.

 Appellant asserts on rehearing that due to our reformation of the judgment of
conviction, we should remand the case for a new punishment hearing. We disagree. During the
punishment phase, the State emphasized appellant's criminal history of four prior felony convictions
(three burglaries and the aggravated sexual assault of a child committed between 1984 and 1989) and
multiple violations and revocations of probation. Although the State noted the multiple charges and
explained that punishment would run concurrently, its emphasis was on appellant's criminal history
and his failure to abide by the terms of probation. The State said, "How many chances does this man
get? How many chances does this man get to come back to our community and hurt somebody
else?" Later, in closing arguments, the State said, "His argument is that there has not been any
evidence presented of any other convictions, but I think six felony convictions is enough. . . . He has
gotten plenty of breaks already." The trial court did not improperly admit evidence of extraneous
bad acts or defective prior convictions, (3) and the jury assessed separate sentences for each charge. 
See Harris v. State, 34 S.W.3d 609, 613-15 (Tex. App.--Waco 2000, pet. ref'd) (defendant
convicted of two counts of manslaughter and two counts of intoxication manslaughter, all related
to same death; court of appeals vacated three convictions and reformed judgment to reflect single
conviction for intoxication manslaughter, holding, "This cause need not be remanded to the trial
court for a reassessment of punishment because the trial judge assessed a separate sentence for each
offense."); see also Fitts v. State, 982 S.W.2d 175, 180-81 (Tex. App.--Houston [1st Dist.] 1998,
pet. ref'd) (defendant who killed his wife was convicted of murder by arson and murder for
remuneration; court of appeals reformed judgment to reflect conviction for murder by arson, the
"most serious" offense, holding, "Because the trial court assessed a separate sentence for each
offense, we need not remand the case to the trial court for a reassessment of punishment.").

 We have held that the evidence is sufficient to support a single conviction for failure
to register. The evidence does not support the remaining five convictions. We therefore reform the
judgment of conviction to reflect a single conviction and a single forty-five year sentence on count I,
deleting the other five counts from the judgment. We affirm the judgment as reformed.


 ___________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reformed and, as Reformed, Affirmed on Motion for Rehearing

Filed: July 2, 2008

Publish
1. Appellant was indicted in 2004 for offenses committed in 2003. In 2005, chapter 62 of the
code of criminal procedure was amended and renumbered. See generally Act of May 26, 2005,
79th Leg., R.S., ch. 1008, 2005 Tex. Gen. Laws 3385. The 2005 amendments do not effect the
substance of the statutes in question in this case. For convenience, we will refer to the current
version of the code.
2. For each count, the indictment alleged that appellant failed to report a change of address
or, alternatively, failed to report an intended change of address. See Tex. Code Crim. Proc. Ann.
arts. 62.051, .055 (West 2006).
3. See Glivens v. State, 918 S.W.2d 30, 32-34 (Tex. App.--Houston [1st Dist.] 1996,
pet. ref'd) (improper admission of extraneous-offense evidence during punishment phase);
Castillo v. State, 699 S.W.2d 337, 338-39 (Tex. App.--Houston [1st Dist.] 1985, pet. ref'd)
(improper admission of jail cards and reference to void prior convictions during punishment phase);
see also Clewis v. State, 222 S.W.3d 460, 467-68 (Tex. App.--Tyler 2007, pet. ref'd) (Griffith, J.,
dissenting) (after jury was empaneled and sworn, State dismissed six of seven indictments pursuant
to plea agreement in remaining case; dissenting justice disagreed with majority's holding that State
was not barred from introducing evidence of dismissed cases at punishment, asserting that defendant
should be granted new punishment hearing).