# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00043-CR

**Robert Alan Young, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
## NO. CR2008-271, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## O P I N I O N

A jury convicted appellant Robert Alan Young for failure to comply with statutory sex offender registration requirements, *see* Tex. Code Crim. Proc. Ann. art. 62.055 (West Supp. 2009), 62.102 (West 2006), and the district court assessed punishment at ten years in prison.  Young appeals based on his contention that, because the jury was charged disjunctively on two separate offenses, his conviction was based on a non-unanimous jury verdict in violation of both the Texas and United States constitutions.  We affirm the judgment of conviction.

On June 22, 2001, Robert Alan Young was convicted of sexual assault, a reportable offense under chapter 62 of the Texas Code of Criminal Procedure.  For six years after his conviction, Young complied with all reporting requirements.

In 2008, Young was living with his girlfriend, Vicki Dees, in an apartment in Canyon Lake, Texas.  He had registered this address with local authorities, as required by statute.

On January 29, 2008, the owners of the apartment complex, having learned of his sex offender status, delivered a "Notice to Quit and Vacate," requesting that Young vacate the premises by February 15, 2008. Young moved his belongings to the residence of a friend, Colleen Zulyevic, and began staying with her a few nights a week. Although Young had moved his belongings out of the Canyon Lake apartment, he occasionally stayed with Dees at the apartment until the end of February 2008.

In early April 2008, a neighbor of Zulyevic learned of Young's sex offender status, determined by reviewing the attorney general's website that Young had not registered his current address, and reported him to the police. The police obtained an arrest warrant for Young. He was arrested on May 24, 2008, following a traffic stop.

Young was indicted for failure to comply with sex offender registration requirements in that he (1) failed to notify the Comal County Sheriff's office of his intention to move seven days before the intended move, and (2) failed to provide proof of identity and proof of residence no later than seven days after his move. The jury was charged disjunctively as to the two means by which Young allegedly failed to register. The jury found Young guilty as charged, and the district court assessed punishment at ten years in prison. Young appeals, arguing that the jury charge allowed a conviction based on a non-unanimous jury verdict in violation of both the Texas and United States constitutions.

When reviewing allegations of charge error, an appellate court must undertake a two-step review: first, the court must determine whether error actually exists in the charge, and second, the court must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994). Where, as here, no timely

objection was made at trial, any error found will not warrant reversal unless the error is so egregious that the defendant was not given a fair and impartial trial. *See Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim. App. 1984).

The jury was charged as follows:

A person commits the offense of failure to comply with sex offender registration requirements if the person is required to register and intentionally or knowingly fails to comply with a requirement of the sex offender registration program under Chapter 62 of the Code of Criminal Procedure.

. . . .

Article 62.055 of Chapter 62 of the Code of Criminal Procedure requires that, if a person who is required to register under Chapter 62 of the Code of Criminal Procedure intends to change address, the person shall, no later than the seventh day before the intended change, report in person to the local law enforcement authority and provide the authority with the person's anticipated move date and new address.

Article 62.055 of Chapter 62 of the Code of Criminal Procedure also requires that, if a person who is required to register under Chapter 62 of the Code of Criminal Procedure changes address, the person shall, not later than the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

. . . .

[I]f you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 2008, or any time within three years before the filing of the indictment, in Comal County Texas, Robert Alan Young did then and there intentionally or knowingly fail to comply with Code of Criminal Procedure, Chapter 62, Article 62.055, setting out the required conditions concerning address changes for a person with a reportable conviction, to-wit: the said Robert Alan Young did move to 355 Shady Ridge, Canyon Lake, Texas, and failed to notify the Comal County Sheriff's Office not later than the seventh day before his intended change of address and that said Robert Alan Young had a reportable conviction requiring registration under Chapter 62 of the Texas Code of Criminal

3

Procedure . . . or if you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 2008, or at any time within three years before the filing of the indictment, in Comal County Texas, Robert Alan Young did then and there intentionally or knowingly fail to comply with the Code of Criminal Procedure, Chapter 62, Article 62.055, setting out the required conditions concerning address changes for a person with a reportable conviction, to-wit: the said Robert Alan Young did move to 355 Shady Ridge, Canyon Lake, Texas, and the said Robert Alan Young failed to provide the Comal County Sheriff's Office with proof of identity and proof of residence not later than the seventh day after changing his address and the said Robert Alan Young had a reportable conviction requiring registration under Chapter 62 of the Texas Code of Criminal Procedure.

Young argues that the jury charge called for a non-unanimous verdict because the two paragraphs in the charge setting out the requirements of article 62.055 set out two separate and distinct offenses. The State contends, on the other hand, that the two paragraphs set out two different ways in which Young could have committed a single offense—the offense of failure to comply with registration requirements under article 62.102 of the code of criminal procedure.

While we agree with the State that the indictment alleged a single offense, that single offense is found in article 62.055, not article 62.102. Article 62.102 provides that "[a] person commits an offense if the person is required to register and fails to comply with any requirement of this chapter." Tex. Code Crim. Proc. Ann. art. 62.102. One means of committing that offense—failure to report a change of address—is set out by article 62.055. Article 62.055 provides:

If a person required to register under this chapter intends to change address, regardless of whether the person intends to move to another state, the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the

4

person and provide the authority and the officer with the person's anticipated move date and new address. If a person required to register changes address, the person shall, not later than the later of the seventh day after changing the address or the first date the applicable local law enforcement authority by policy allows the person to report, report in person to the local law enforcement authority in the municipality or county in which the person's new residence is located and provide the authority with proof of identity and proof of residence.

*Id.* art. 62.055(a).

The jury charge set out the two requirements found in section (a) of article 62.055—failure to notify within seven days before an intended change of residence and failure to notify within seven days after a change of address—the requirements with which Young allegedly failed to comply. *See id.* The single offense described by both article 62.055 and by the jury charge is the offense of failing to report a change of address. This offense can be violated by failing to report the change in advance, afterwards, or both. Those variations are evidentiary, not separate and distinct elements of an offense.

In determining whether separate legal theories comprise separate offenses, a "handy, though not definitive, rule of thumb is to look at the statutory verb defining the criminal act. That verb . . . is generally the criminal act upon which all jurors must unanimously agree." *Huffman v. State*, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008) (quoting *Ngo v. Sate*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005)). Here, the statutory verb defining the criminal act is "report." Thus, in this case, it is the act of reporting—or the failure to do so—upon which all jurors must agree. This single act of failing to report may be committed in multiple ways, including—of relevance here—failing to notify authorities before a move or failing to notify authorities after a move.

In *Huffman v. State*, the Court of Criminal Appeals held that the failure of a driver involved in an accident resulting in injury or death to another to "immediately stop," "immediately return," and "remain at the scene" are three means of committing the single offense of failing to stop and render aid. *Id.* at 905-09; *see* Tex. Transp. Code Ann. § 550.021 (West Supp. 2009). The focus of the offense, the court explained, was the particular accident, not the various means by which the driver could fail to stop and render aid. *Huffman*, 267 S.W.3d at 909. Similarly, in *Villanueva v. State*, 257 S.W.3d 527, 528 (Tex. App.—Austin 2008, no pet.), Villanueva, who had been convicted of a reportable offense under chapter 62 of the code of criminal procedure, was indicted for six counts of failure to register as a sex offender based on his failure to register for six months following a move. We held that neither article 62.051 nor article 62.055 supported the State's decision to allege a new offense for the same action on a monthly basis. *Id.* at 530. Rather, these provisions allow the State to charge a defendant with the single offense of changing his address without registering the change. *Id.*

Young relies on *Ngo v. State*. In that case, the defendant was charged with credit card abuse under section 32.31 of the penal code. 175 S.W.3d at 740. The indictment alleged three statutorily different acts—stealing a credit card, receiving a stolen credit card with the knowledge that the card had been stolen, and presenting the credit card for payment with the knowledge that it was not with the effective consent of the cardholder. *Id.* at 744. Each offense was set out in the statute as a separate and distinct offense, under the heading "A person commits an offense if." *See* Tex. Penal Code Ann. § 32.31 (West Supp. 2009). Because the State sought one conviction for the commission of one credit card abuse offense by proving any of these three different and distinct

6

criminal acts, the court of criminal appeals found charge error. *See Ngo*, 175 S.W.3d at 745. The court explained that permitting the jury to convict for a general offense of credit card abuse by finding the defendant guilty of any of the three distinct offenses allowed for a non-unanimous jury verdict. *See id.*

While, in *Ngo*, the defendant was charged with committing three specific and distinct statutory criminal acts, here, as explained, the single statutory criminal act alleged was failure to report a change of address. The focus of the offense, here, is the duty to notify of a change in address, though there are multiple means by which a person can fail to comply. Failure to comply with any one of the specific requirements set out in article 62.055 is the manner or means by which a person could fail to report a change of address. *Ngo*, which describes three separate criminal acts, each of which has a distinct focus—stealing, receiving, or presenting for payment—is distinguishable.

While each element of an offense must be proved beyond a reasonable doubt, an indictment may set forth alternate manners and means of committing a single offense, and the jury may return a general verdict for that offense if the evidence supports a conviction under any one of the manners or means alleged. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). Here, the jury charge set out a single offense—failure to report a change in address—and two means of committing that offense—failure to notify of an intent to move and failure to notify of a new address. Thus, it was not error for the court to instruct the jury that it could convict for the single offense of failure to report a change in address by finding either that Young failed to notify authorities of an intent to move or that Young failed to notify authorities of his new address once he had already moved.

7

Having found no charge error, we overrule Young's issue on appeal and affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   May 21, 2010

Publish